## STATE v. GUTHEIL.

No. 6123.  Decided January 30, 1940.  (98 P. 2d 943.)

*H. A. Smith, F. R. Gasser,* and *Paul E. Reimann,* all of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Asst. Atty. Gen., for respondent.

PRATT, Justice.

Lewis C. Gutheil was found guilty of involuntary manslaughter. The jury recommended leniency. He was sentenced to six months in the County jail. He appeals his case.

The facts are these: On the night of April 9, 1938, about 12 o'clock, near 3500 South State Street in Salt Lake County, Utah, a black Chevrolet coupe occupied by Thomas R. McLean and Wallace Miller, stalled. They had been driving south on State Street on the west side. McLean and Miller with the aid of McLean's father who happened along at the time, started pushing the coupe in a southeasterly direction across State Street. The father was walking on the left hand front side of the machine guiding it with the steering wheel. The boys were at the back of the machine pushing it. The course of the coupe was at an angle against northbound traffic and, if continued, would have passed through all northbound traffic lanes. There is a conflict of testimony as to whether or not the lights of the McLean coupe were burning. The pavement was wet. The street at this point was lighted with sodium lights; and at a place called Uncle Bill's Inn, neon signs were burning. There is a slight conflict in the testimony as to visibility at the time. It had been raining, but as to the particular moment of the collision, the testimony is in conflict upon this point, the defendant and his witnesses contending that there was a drizzle, necessitating the running of his windshield wiper; the McLean's contending that there was not.

The coupe pushed by the boys and guided by the father, crossed the center line of State Street and into the center lane of the northbound traffic. The defendant, Gutheil, with a lady friend, and also a gentleman friend, all seated in the front seat in that order from left to right, was driving north on State in the northbound center lane. He was driving about 30 to 35 miles per hour, the speed limit there being 40 miles per hour. His brakes were in good condition; his lights were on; his windshield wiper was running; there

was no drinking involved and there was nothing out of the ordinary about his driving. When Gutheil discovered the coupe in his path, he applied his brakes and turned to the west—to the back of the coupe—to miss it. The boys in back of the machine were not visible to him, nor was the father. The latter had seen the approach of Gutheil's automobile and shouted to the boys to look out. The father jumped forward, clear of the coupe; the boys stood up. Gutheil's automobile struck the right rear wheel of the coupe. Both boys were knocked to the pavement, whether by Gutheil's automobile or by the coupe is uncertain. The Miller boy was knocked some sixty feet away. He died as a result of the injuries received. It was his death that formed the bases of the involuntary manslaughter charge against Gutheil.

When the State rested its case, defendant moved for a directed verdict—a dismissal. This was denied. After defendant had been found guilty, he made a motion in arrest of judgment on the ground, among other things, that the facts fail to prove defendant guilty of the alleged crime. By his assignment of error Number XV, he assails the submission of the case to the jury.

We believe the facts are not sufficient from which reasonable men could infer that defendant was guilty of involuntary manslaughter. In our recent case of *State* v. *Lingman*, 97 Utah 180, 91 P. 2d 457, 466, we set out carefully the principles applicable to such a case as this. We defined criminal negligence—that element so important in a charge such as this as being: (1) "Reckless handling or conduct evincing marked disregard for the safety of others"; or (2) a dangerous act—" one which has knowable and apparent potentialities for resulting in death"—done without due care and circumspection.

Whether this case is taken as falling under the first definition, or under the second, we think the facts are not sufficient to show criminal negligence. We have set those facts out above. What was it that Gutheil did or did not do

that shows he acted recklessly and in marked disregard of the rights of others or which shows that he drove in a manner dangerous to the lives of others? The record is silent upon this question of fact. A death resulted from the collision; but from that fact alone we do not presume that any party was at fault. A criminal case requires proof of each element of the crime by evidence that convinces one beyond all reasonable doubt of the existence of each such element. Criminal negligence evidenced by a dereliction of some kind conforming to at least one of the definitions we have set out, is a necessary element of the crime charged here. We are unable to point to evidence of that dereliction and most certainly the jury would find itself in the same dilemma. The case should not have been submitted to them.

The verdict and judgment of the lower court is vacated and set aside and the case remanded with directions to the lower court to enter judgment of not guilty in favor of defendant and order his discharge. Costs to appellant.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.