516 P.2d 359

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Carl VOLBERDING, Defendant and Appellant.**

**No. 13269.**

Supreme Court of Utah.

Nov. 29, 1973.

John Blair Hutchison, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction in a trial before the court of petty larceny. Defendant was accused of grand larceny but was found guilty of the lesser and included offense; on appeal he seeks to have his conviction set aside.

In the early hours of October 3, 1971, defendant entered an establishment known as Ray's Club in Ogden, Utah. He consumed two beers and played the pin ball machine. He requested that the bartender, Ray Folkman, give him a ride. Mr. Folkman agreed that he would do so, after he had closed the bar. Mr. Folkman's friend, Connie Jorgensen was also present. While Mr. Folkman was performing his responsibilities in connection with closing the establishment, Mrs. Jorgensen observed defendant grab money from the bar and run from the club. She summoned Mr. Folkman, who pursued defendant and recovered the money, although defendant effected an escape. The following day the police exhibited six to eight photographs to the witnesses, who separately identified the defendant. Thereafter, defendant was arrested for grand larceny.

At the trial, defense counsel demanded that the prosecution produce the display of photographs so that the court could determine whether the composition of the group was so unduly suggestive as to lead to a likelihood of misidentification. (Defense counsel had previously sought a motion to suppress the identification of defendant at the trial by the witnesses but, since the matter was to be tried by the court, the motion was determined at the trial.) The trial court ruled the identification testimony of the witnesses was admissible.

The investigating police officer testified that he procured the photographs for the display from the Weber County Sheriff's Office; the personnel thereof made the selection of the photographs used. After the witnesses made the identification, the photos were returned to the Sheriff's files and the exact composition of the group could not be recalled and reproduced for the examination of defense counsel and the trial court.

Defendant cites Simmons v. United States,[1] wherein the court held that a con-

1. 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)

viction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Such a claim must be evaluated in light of the totality of the circumstances. Defendant argues that such an evaluation cannot be made without reproduction of the display. Such a contention is without merit, particularly in light of the circumstances discussed in Simmons, where the photographs displayed to witnesses were not produced to the court. The court discussed such factors as the necessity of using photographs, i. e., the perpetrator was still at large; the opportunity the witness had to observe the perpetrator; the interim between the event and the photographic identification by the witness.

■ In the instant case, the two witnesses observed the defendant for approximately one hour and conversed with him. The photographic display was made the following day, while the memories of the witnesses were still fresh. There was justification to use this procedure, since defendant had not been apprehended. The foregoing factual circumstances concerning defendant's identification do not establish a denial of due process of law.

■ Defendant further contends that his right to conduct a meaningful cross-examination was impaired by the unavailability of the photographic display at trial. Defendant cites United States v. Wade[2] to sustain his contention. In Kirby v. Illinois[3] the court explained that the Gilbert-Wade ruling was premised on the constitutional right to counsel (the 6th and 14th Amendments), which attaches only at or after the time that adversary, judicial proceedings have been initiated against the accused. The court declined to import into a routine police investigation an absolute constitutional right which is applicable only after the onset of formal prosecutorial proceedings. Defendant has attempted to cast the alleged error on the ground that he was denied a fair trial and due process of law by the curtailment of his right of effective cross-examination of witnesses. In fact, and in effect, his claim 'is that he was entitled to the presence of counsel at the time the police presented the photographs during the investigative stage of the proceedings; Kirby v. Illinois, specifically disclaims such right.

■ Defendant further contends that there was insufficient evidence to prove an essential element of the crime of larceny, namely, that the money stolen from the bar was the "personal property of another," Section 76–38–1, U.C.A.1953. Defendant

2. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

3. 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

**260**

claims there was no testimony as to the "ownership" of the money. This contention is without merit. The information charged that the money was the property of Ray's Club, and the testimony indicated that it was removed from the custody of an employee of this establishment by defendant, who thereupon fled. The employee pursued defendant and regained custody of the money. One who steals property has no standing to question the title of anyone in lawful possession from whom it was taken.[4]

The judgment of the district court is affirmed.

HENRIOD, CROCKETT, ELLETT and TUCKETT, JJ.

4. State v. Carlsen, 25 Utah 2d 305, 309, 480 P.2d 736 (1971).