**STATE of Utah, Plaintiff and Respondent,**

v.

**Michael T. SIMMONS, Defendant and Appellant.**

**No. 14889.**

Supreme Court of Utah.

Dec. 23, 1977.

---

4. *San Pedro L.A. & S.L.R. Co. v. City of Los Angeles*, 180 Cal. 18, 179 P. 393 (1919).

5. 86 Iowa 71, 52 N.W. 1124 (1892).

Craig M. Snyder, Utah Co. Legal Def. Assn., Michael D. Esplin, Utah Co. Legal Def. Assn., Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah Co. Atty., Provo, for plaintiff and respondent.

MAUGHAN, Justice:

This is an appeal from a conviction of Theft, in violation of Utah Code Ann., Sections 76–6–404 and 76–6–412 (Supp.1977). Affirmed.

On February 11, 1976, defendant obtained an automobile from V. J. Motors in Provo, Utah. His alleged purpose was to take the car for a "road test" prior to a possible purchase. Defendant drove the car to Lehi, Utah, about 18 miles distant, to show it to a friend, Richard Evans, and made various other trips in it. He did not return the car to V. J. Motors.

The owner of V. J. Motors, reported the car stolen the next day. About 10:00 p. m. the night of February 12, appellant was apprehended at a self-service car wash in Provo.

He testified he did not intend to steal the car, but merely wanted to check the mechanical condition. He at no time claimed ownership of the car although the dealer license plates were found lying in the back seat and the original owner plates were on the car when the arrest was made.

Defendant argues error in three respects:

(1) The trial court allowed the prosecutor to question defendant concerning the commission of another criminal act.

(2) The state failed to prove all the elements of the offense.

(3) The trial court refused to allow testimony of Richard Evans concerning conversations he had with defendant on February 11, 1976.

During the cross-examination of defendant, the prosecutor was allowed to question him about his allegedly having stolen three dollars worth of gasoline from a self-service station in Lehi, Utah, on February 11, 1976. Defendant argues that under Rule 55, Utah Rules of Evidence, this questioning should not have been allowed.

Basically that rule provides that evidence of prior wrongdoing is not admissible as proof that a person committed a crime on a specified occasion. Such evidence is admissible though when it is "relevant to prove some other material fact including . . . intent, preparation, plan . . ."[1] It may also be noted defendant was never required to answer any questions about the theft of the gasoline. After the objection to the question was overruled, defendant

---

1. Rule 55 states: "Subject to Rule 47 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to Rules 45 and 48, such evidence is admissible when relevant to prove some other material fact including absence of mistake or accident, motive,

was permitted to invoke his self-incrimination privilege and refuse to answer.

He next contends the state failed to prove all the elements of the offense charged. Specifically, he argues it failed to show V. J. Motors was the owner of the car, or had a special right to possession. Even assuming the state did not prove V. J. Motors owned the car, defendant could yet be convicted under our theft statute. It does not require the state to conclusively prove who owned the property in question, only that the accused obtained or exercised unauthorized control over the "property of another." [2] It is undisputed defendant himself never claimed ownership of the car; he admitted it belonged to someone and maintained he was going to return it.

Additionally, we held in *State v. Volberding* [3] that one who steals property has no standing to question the title of anyone in lawful possession from whom it was taken. In that case the accused unsuccessfully argued for reversal of his conviction on the basis the state failed to prove the money stolen belonged to the business from which he took it.

His final contention is the trial court should have allowed the testimony of Richard Evans concerning his conversations with defendant shortly after defendant obtained the car. He maintains Evans would have testified that defendant stated on that occasion he had the car only for a test drive, and had no intent to steal it. The trial court sustained an objection to this questioning on the ground it was hearsay.

While the testimony may have been hearsay, it could have been admitted under Rule 63(12)(a) of the Utah Rules of Evidence. This rule provides an exception to the hearsay rule which these facts appear to fit. The testimony would have been a "statement of the declarant's then existing state of mind" as provided for in that rule. [4]

We must review alleged error in conformity with 77–42–1, U.C.A.1953, and may not interfere with a jury verdict, unless upon review of the entire record, there emerges error of sufficient gravity to indicate defendant's rights were prejudiced, in a substantial manner. There must be a reasonable probability there would have been a result more favorable to defendant, in the absence of error. [5] Neither of these statements can be answered affirmatively.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

opportunity, intent, preparation, plan, knowledge or identity." See also *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1972).

2. Utah Code Ann., Section 76–6–404, reads as follows: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."

3. 30 Utah 2d 257, 516 P.2d 359 (1973).

4. Rule 63(12)(a) (exceptions to the hearsay rule) states: "Unless the judge finds it was made in bad faith, a statement of the declar-

ant's (a) then existing state of mind, emotion or physical sensation, including statements of intent, plan, motive, design, mental feeling, pain and bodily health, but not including memory or belief to prove the fact remembered or believed, when such a mental or physical condition is in issue or is relevant to prove or explain acts or conduct of the declarant, . . .."

5. *State v. Gaxiola*, Utah, 550 P.2d 1298, 1303 (1976).