STATE of Utah, Plaintiff and Respondent,

v.

**Theodore Henry BURR, Defendant and Appellant.**

No. 15260.

Supreme Court of Utah.

May 4, 1978.

---

Phil L. Hansen of Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, K. L. McIff, Sevier County Atty., Richfield, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendant was charged with seven counts of theft in that he received stolen property, knowing that the same had been stolen, or believing that it had probably been stolen, and with a purpose to deprive the owner thereof.

The counts alleged receipt of the following stolen articles:

(1) One Stidham horse trailer, having a value in excess of $1,000.00.

(2) One 1971 Chevrolet truck, having a value in excess of $1,000.00.

(3) An engine for a motor vehicle, having a value in excess of $1,000.00.

(4) A transmission, having a value of more than $250.00, but less than $1,000.00.

(5) A camper shell, having a value of more than $250.00, but less than $1,000.00.

(6) An inboard motor boat with trailer, having a value in excess of $1,000.00.

(7) A Kit Companion trailer, having a value in excess of $1,000.00.

In each count the property was described in detail, the owner from whom it had been stolen was named, and the place from which it was stolen was indicated.

A jury found the defendant guilty on all seven counts, and he brings this appeal claiming errors as follows:

(a) Erroneous statement by the prosecutor regarding the law of presumption;

(b) Improperly receiving in evidence confessions made by the defendant;

(c) Failure of the judge to remove from the jury panel three former clients of the prosecuting attorney;

(d) Allowing hearsay statements to be received in evidence.

We will treat each claim in order.

### (a)

■ Our statutes [1] provide as follows:

(1) A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be stolen, with a purpose to deprive the owner thereof.

(2) The knowledge or belief required for paragraph (1) is presumed in the case of an actor who:

(a) Is found in possession or control of other property stolen on a separate occasion; or

(b) Has received other stolen property within the year preceding the receiving offense charged; or

    *   *   *   *   *   *

(3) As used in this section:

(a) 'Receives' means acquiring possession, control, or title or lending on the security of the property; . . .

In his argument to the jury the prosecuting attorney stated:

The law goes on to read:

'You are instructed that the knowledge or belief required in the preceding paragraph is presumed in the case of an actor who (A) is found in the possession or control of other property stolen on separate occasions, or (B) has received other stolen property within the year preceding the receiving offense charged,' which is to say that if a Defendant is found in possession of stolen property (A), (B), (C), and (D), then as to stolen property (A) if that's the one you're considering, his possession of stolen property (B), (C), and (D) raise a presumption that he knew (A) was stolen and if you're considering (B), then his possession of (A), (C), and (D) raises a presumption that he knew (B) was stolen and if you're considering (C), it's the possession of (A), (B), and (D) that raised that presumption and if it's (D), then (A), (B), and (C) stolen properties raised a presumption that he knew (D) was stolen.

Now, the impact of that presumption is to fairly impose upon the defense the responsibility of introducing some evidence which would rebut that presumption, some evidence so that you can examine that evidence and conclude therefrom, 'Well, there's a reasonable explanation for the possession of all these stolen items.' . . .

    *   *   *   *   *   *

You, of course, ladies and gentlemen, will have to determine the ultimate facts in the case. The State has the burden of proving the essential elements of the crime by the Defendant beyond a reasonable doubt. Each of the elements, notwithstanding the presumption that we

1. U.C.A.1953, 76–6–408, Laws of Utah, 1973 as amended, Ch. 196.

have discussed. That does not negate the necessity of the State of [sic] prove the case beyond a reasonable doubt, but I suggest to you that the evidence now before you, when you apply it against the back drops of the law, does, in fact, establish the Defendant's guilt beyond a reasonable doubt as to each one of the counts now before you, one through seven. I thank you for your attention.

The defendant claims that the statement of the prosecutor would tend to place the burden on the defendant to disprove at least one of the required elements of the offenses charged. We do not agree with the contention. A person in possession of stolen property is not required to do anything. However, it is a fact of life that one in possession of stolen property who makes no explanation as to how he came to be in possession is apt to be under some adverse consideration as to his honesty; and if he has an explanation as to how he innocently came into the possession of the stolen property, he would certainly improve his situation by giving his account of how it happened to the jury.

### . (b)

■ As to the admission of confessions, he claims that he made some self-incriminating statements without the benefit of the *Miranda* warning. There is no merit to the claim. In the first place, the so-called *Miranda* warning had been given to him; in the second place, he was not in custody; and in the third place, he came to Salt Lake City and sought out the officer. He voluntarily stated that he wanted to work out an agreement with the county attorney whereby the charges could be reduced from felonies to Class "A" misdemeanors; and that if he could do so, he would name and testify against the others who were involved.

The testimony was given at an evidentiary hearing and was there objected to; but at trial before the jury, no objection was made. Regardless of the lack of objection, the evidence was properly received. See the case of *Oregon v. Mathiason* [2] whereby the U.S. Supreme Court stated that the *Miranda* rule did not apply to non-custodial situations.

### (c)

■ The defendant complains because some of the jurors or the companies for whom they worked had in times passed employed the services of the prosecuting attorney in civil matters. Those matters had all been terminated and paid for. Each juror stated that the past relationship would in no way adversely affect his verdict. The county was a rural one with a total population of approximately 10,000. As to those jurors who expressed any doubt as to their ability to render a verdict based solely upon the law and the evidence, they were promptly excused sua sponte by the court from service. There is no merit to the claim of prejudice by the jury.

### (d)

■ The defendant claims hearsay testimony was received in evidence over his objection. One of the statements was made by the defendant, himself, when he sought out the officer. Counsel for defendant and the court conversed as follows:

Counsel: This would not be hearsay—well it is hearsay against the defendant.

The Court: When it's him and he's talking to the officer?

Counsel: Yes, it is. But the reason it cannot come into court—hearsay is any out-of-court statement . . .

The other claims of hearsay statements are of the same effect. They are statements made by the defendant to various people, all of which were admissions against his interest. An admission against interest is an exception to the hearsay rule and is found in Rule 63, Utah Rules of Evidence, as follows:

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

\* \* \* \* \* \*

2.   429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).

(6) . . . In a criminal proceeding as against the accused, a previous statement by him relative to the offense charged if, and only if, the judge finds that the statement was made knowingly and voluntarily by the accused and the circumstances under which the statement was made were not violative of the constitutional rights of the accused;

(7) . . . As against himself a statement by a person who is a party to the action in his individual or a representative capacity and, if the latter, who was acting in such representative capacity in making the statement;

\*   \*   \*   \*   \*   \*

The trial judge held evidentiary hearings outside of the presence of the jury as to each statement and found that all were voluntarily and knowingly made and that none were violative of the defendant's constitutional rights.

The evidence clearly warranted the jury in finding that the defendant was a "fence" and a thief. He had a fair trial and was properly convicted. The judgment is affirmed as to all counts. No costs are awarded.

CROCKETT and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

WILKINS, J., having disqualified himself, does not participate herein.