The STATE of Utah, Plaintiff and Respondent,

v.

Gary William DANIELS, Defendant and Appellant.

No. 15509.

Supreme Court of Utah.

Sept. 13, 1978.

---

F. John Hill of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

Defendant appeals from his conviction on the charge of theft. He was tried before a jury, convicted and sentenced by the court to an indeterminate term in the Utah State Prison not to exceed fifteen years.

The facts in this case are not disputed. Defendant took the stand and testified in his own behalf that sometime during the evening of June 14, 1977, he and a companion took a 1968 Corvette belonging to Midvalley Auto. Defendant started the vehicle and together with his friend, headed for California. The next morning a California highway patrolman observed the defendant in the Corvette travelling in excess of the speed limit and started pursuit. The officer estimated that during the chase, the defendant travelled between 100 and 125 miles per hour. The officer finally caught up to the defendant when the Corvette's engine blew out and the vehicle slowed to a stop. The driver of the Corvette, identified as the defendant, could not produce a driver's license, registration, or any personal identification. Later the same day, the defendant told this officer that he owned the vehicle. The Corvette was eventually returned to its owner, with approximately $1,750 worth of damage done to it.

Defendant's sole defense at trial was that although he took the automobile, he did not intend to permanently deprive the owner of the automobile's use, or value. He testified that he lived in Alameda, California, and that at time of this incident was only visiting relatives in the Salt Lake City vicinity. During his stay the car he had used to drive from California to Utah was impounded and he was unsuccessful in getting it back. He testified he attempted to borrow money from relatives and that, unable to get a way, he took the car to return to California.

During cross examination of the defendant, the prosecutor questioned him as to how much money he had for the trip to California. In follow-up to defendant's reply that he had only $15.00, the prosecution elicited the admission from him that he had siphoned gas to get enough gas to travel the distance to California.[1] Defense coun-

---

1. The portion of testimony of which defendant complains is as follows:

BY MS. MARLOWE:

Q. You say that you stopped along the way for gas. Did you have money at the time you stole that car?

A. I had $15.00.

\* \* \* \* \* \*

Q. It only cost you $15.00 to get gas to go from here to Truckee, California?

A. No.

Q. Where did you get the rest of your money for gas?

sel objected to his line of questioning and was overruled. Defendant now claims on appeal that the evidence was inadmissible under Utah Rules of Evidence, Rule 55 which requires exclusion of evidence of other bad acts to prove one's disposition to commit the act in issue unless the evidence is used to prove some other specified material fact.

Rule 55 reads:

> Subject to Rule 47 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion, but, subject to Rules 45 and 48, such evidence is admissible when relevant to prove some other material fact including absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity.

■ This Court has stated on numerous occasions that evidence of other crimes allegedly committed by the defendant is not admissible if the purpose is to disgrace the defendant as a person of evil character with a propensity to commit crime and thus likely to have committed the crime charged.[2] However, if the evidence has relevancy to explain the circumstances surrounding the instant crime, it is admissible for that purpose; and the fact that it may tend to connect the defendant with another crime will not render it incompetent. *State v. Lopez,* 451 P.2d at 775; *State v. Gibson,* 565 P.2d at 786; *McCormick on Evidence,* Sec. 157 (1st Ed.).

■ The evidence at defendant's trial, summarized herein, shows clearly that de-

A. My friend had a couple dollars, and, then, there's other ways.
Q. Would you like to elucidate?
MR. HILL: I'm going to object.
THE COURT: Overruled.
Q. (BY MS. MARLOWE) Tell me how you got gas between here and California.
A. What you call a garden hose.
Q. What do you mean by garden hose?
A. Well, it's a piece of garden hose about six feet long. You insert into a gas tank, which is commonly known as siphoning.

fendant's admission that he siphoned gas to get to California was relevant to explain the circumstances surrounding the instant crime. The siphoning of gas was relevant to his story that he did not have very much money on him and that without money he could think of no other way to get to California other than by stealing a car.

Defendant's second claim of error is that the evidence was insufficient for the jury to find him guilty of theft. "Theft" is defined in Utah Code Annotated, Sec. 76–6–404 (1953), as amended:

> Theft—Elements.—A person commits theft if he obtains of exercises unauthorized control over the property of another with a purpose to deprive him thereof.

Since the defendant admitted he took the automobile, the only issue at trial was whether he did so with the purpose to deprive the owner thereof. Utah Code Annotated, Sec. 76–6–401(3) defines the specific mens rea requirement of theft:

> (3) "Purpose to deprive" means to have the conscious object:
>
> (a) To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or
>
> (b) To restore the property only upon payment of a reward or other compensation; or
>
> (c) To dispose of the property under circumstances that make it unlikely that the owner will recover it.

■ For the defendant to successfully challenge the sufficiency of the evidence underlying his conviction, he must show

Q. You siphoned gas or you stole gas to get to California?
A. Yes, because I used all my money up before I even did that.

2. *State v. Gibson,* Utah, 565 P.2d 783 (1977); *State v. Lopez,* 22 Utah 2d 257, 451 P.2d 772 (1969); *State v. Dickson,* 12 Utah 2d 8, 361 P.2d 412 (1961).

"when viewing the evidence and all inferences that may reasonably be drawn therefrom, in the light most favorable to the verdict of the jury, reasonable minds could not believe him guilty beyond a reasonable doubt." *State v. Mills,* Utah, 530 P.2d 1272 (1975).

■ The record reveals that defendant cannot prevail on his sufficiency claim because the evidence relevant to the specific intent requirement of Sec. 76–6–404 and Sec. 76–6–401(3) includes: (1) defendant nowhere stated he ever planned to return the automobile to Utah; (2) he travelled at speeds ranging from 100–125 miles per hour when chased by the California highway patrolman, conduct which greatly risked involving the automobile in some kind of mishap which would deprive the owner of its use or benefit; (3) the defendant indicated to the California officer that he owned the Corvette; (4) the defendant by his misuse caused the Corvette's engine to blow out, thereby substantially lessening the vehicle's economic value; and (5) even if defendant's story that he only wanted the vehicle for transportation to California were to be believed, it would have been only a possibility that Midvalley Auto would have recovered its stolen automobile in California.

The record does not reveal evidence so improbable that reasonable minds could not believe, beyond a reasonable doubt, defendant was guilty of the offense charged. The weight and credibility of the testimony of the victim was a matter for the jury. Judgment of the trial court is affirmed.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.