STATE of Utah, Plaintiff and
Respondent,

v.

John HOUSEKEEPER, Defendant
and Appellant.

No. 15763.

Supreme Court of Utah.

Nov. 20, 1978.

Shelden R. Carter, Provo, of Utah County
Legal Defender Assoc., for defendant and
appellant.

Robert B. Hansen, Atty. Gen., Michael L.
Deamer, Earl F. Dorius, Asst. Attys. Gen.,
Salt Lake City, Noall T. Wootton, Utah
County Atty., Provo, for plaintiff and re-
spondent.

ELLETT, Chief Justice:

The defendant was tried and convicted by
a jury of the crime of unlawful sexual
intercourse, a felony of the third degree, in
violation of Section 76–5–401, U.C.A., 1953,
as amended.

The evidence discloses that defendant,
then 22 years of age, was discovered asleep
in a sleeping bag with a 15 year old girl,
between 4:00 and 5:00 a. m. on the morning
of July 22, 1977. Both the defendant and
the girl were naked. Upon a medical exam-
ination of the girl, sperm was found in her
vagina.

Section 76–5–401 provides:

(1) A male person commits unlawful sexual intercourse if he has sexual intercourse with a female, *not his wife,* who is under sixteen years of age.

(2) Unlawful sexual intercourse is a felony of the third degree except when at the time of intercourse the male is no more than three years older than the female, in which case it is a class B misdemeanor. . . . [Emphasis added.]

At the close of the State's case in chief, defendant moved to dismiss the charges against him as the prosecution had failed to prove one of the essential elements of the crime; viz., that the girl was not the defendant's wife. Defendant's motion was denied.

Defendant now appeals arguing that the State failed to prove this essential element of the offense.

■ It is recognized that the State has the burden of proving each and every element of the offense and if it fails so to do the defendant is entitled to an acquittal.

In this case no witness was asked if the 15 year old girl was the wife of the defendant and so there is no statement by a witness that she was not.

■ The fact that no one *said* whether or not the defendant and the girl were married is not determinative of this case. Circumstantial evidence may even be more convincing than direct testimony. The law appears to be correctly stated in 30 Am. Jur.2d, Evidence, Sec. 1126, as follows:

Whether, in a criminal prosecution, direct evidence outweighs circumstantial evidence, or, conversely, whether circumstantial evidence outweighs direct evidence, depends largely upon the facts of the particular case. Many decisions are to the effect that circumstantial evidence in a criminal case may be fully as satisfying as positive testimony and will sometimes outweigh it. In cases where the facts or circumstances which are proved are not only consistent with the guilt of the defendant, but also inconsistent with his innocence, such evidence, in its weight and probative force, may surpass direct evidence in its effect upon the jury.
·  ·  ·

■ The evidence of this case justifies the verdict. No juror in his right mind could find that the 15 year old girl was the wife of the defendant. She was living at home—got her parents consent to sleep out on the lawn where she was discovered by her parents at four or five o'clock in the morning in her sleeping bag naked with the defendant who was also naked.

The reaction of the parents in ordering the girl to get dressed and come into the house and in causing this case to be prosecuted speaks louder than a mere statement that their child was not married. Also, had the 15 year old child been the wife of the defendant her name would have been Ann Housekeeper or Mrs. John Thomas Housekeeper. In fact, her name was that of her parents. Had the defendant and the girl been husband and wife there would not have been any occasion for this case to be in court.

The parents ran the defendant off and he went home where he was arrested shortly thereafter. His legal rights were read to him by the officer who arrested him. Had he been married to the 15 year old girl he surely would have told the officer that he was. Never at any time has he claimed to be married to her. He told the arresting officer that he was 22 years of age and that he had had sexual relations with the girl that night and on other occasions, and that he knew "that it can send you up to the Point [Prison]."

■ The instructions to the jury clearly stated that unless the jury was convinced beyond a reasonable doubt that the victim was not the wife of the defendant they must acquit him. The circumstances shown by the evidence without any contradiction, provide a reasonable basis upon which the jurors could believe beyond a reasonable doubt that the victim was not the wife of the defendant. Apparently the jury was convinced as is shown by their verdict. The jury is entitled to consider all of the evi-

dence given in the case—not merely the testimony of witnesses, and they are also entitled to draw reasonable inferences from the facts shown to exist.[1]

There is no merit to the contention that the defendant is entitled to an acquittal because the State did not prove the victim was not his wife.

The appellant also claims that the statute is unconstitutional in that it does not apply equally to boys under 16 as well as to girls under the same age. True it is that some courts have rendered opinions not based on reason and common sense to the effect that males and females are one and the same in the all seeing eye of the court. However, we are conscious of the legal principle that the legislature may make laws to fit a distinct class of people where there is a valid basis for the distinction. All children during the maturity of their reproductive organs have a great "yen" to experiment, with the newly acquired functions, and they lack the mature judgment to foresee all of the possible consequences of their actions.

It is said that one baby out of each ten babies born in the nation is born from a mother under 18 years of age. Many of those babies are born to unwed mothers and many of them are 15 years of age and younger. These babies are a social problem as well as is the unwed mother and they are proper subjects for the attention of the legislative processes of the state.

On the other side of the situation a boy under age 16 cannot be pregnant and therefore is not in the same classification as is the girl of that age. There is another reason which justifies a distinction. While both boys and girls may have the same degree of sexual drive, the woman over 18 years of age is not drawn to boys under 16; while males over 18 are much more aggressive sexually and tend to take advantage of the immature girl. The law as passed was intended to prevent not just the perversion of morals on the part of children,—but was to discourage the social problems incident to the birth of illegitimate children born to minor girls.

We think the statute does not contravene any constitutional provision and so the judgment of the trial court is affirmed.

CROCKETT and HALL, JJ., concur.

WILKINS, Justice (dissenting):

The majority opinion conjures up evidence, takes judicial notice of facts not judicially noticeable, and arrives at the ominous holding that a jury is entitled to infer guilt on the part of a defendant from the fact that he was arrested and brought before them.

Section 76–1–501, Utah Code Annotated, provides:

(1) A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt. In absence of such proof, the defendant shall be acquitted.

The State certainly did not prove beyond a reasonable doubt that the defendant and the girl were not married. In fact there is no evidence of this essential element in the record. The majority opinion states that the jury could infer that the couple were not married from the fact that the girl's name was that of her parents, and not that of the defendant. There is no evidence in this record, either positive or negative, of what the girl's name actually was, but if there were, it would have no significance. A girl's maiden name is her legal name and she is entitled to use it whether or not she is married.

The "circumstantial evidence" denoted in the majority opinion is based on the fact that the defendant was arrested, and exercised his constitutional right to remain si-

---

1. *State v. Peterson,* 22 Utah 2d 377, 453 P.2d 696 (1969); *State v. Minousis,* 64 Utah 206, 228 P. 574 (1924).

lent. A jury cannot infer guilt from such circumstances.[1]

Defendant also argues that Section 76–5–401 is unconstitutional and in violation of the Constitutions of the United States and of the State of Utah, as it discriminates against males and denies them equal protection of the law, since women who engage in sexual intercourse with males under the age of sixteen years of age cannot be similarly charged with this crime. Defendant cannot raise this constitutional question since he is over the age of sixteen years, and thus is not within the class of persons denied equal protection. However, I would reverse on the first ground, as, in my opinion, the District Court erred in denying defendant's motion to dismiss.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.

1. Utah Constitution, Article I, Sec. 12; U.S. Constitution, Fifth Amendment; Sections 77–1–10 and 77–44–5, Utah Code Annotated, 1953; *State v. Martinez,* 56 Utah 351, 191 P. 214 (1920); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).