STATE of Utah, Plaintiff and Respondent,

v.

Daniel Lee LAIRD, Defendant and Appellant.

No. 16318.

Supreme Court of Utah.

Oct. 11, 1979.

Robert J. Schumacher of Utah County Legal Defenders Assn., Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

We are asked, once again, to measure our "carnal knowledge" statute[1] against the

---

1. Section 76–5–401, Utah Code Ann., 1953, as enacted 1973, provided at the time of the offense and trial of defendant:

(1) A male person commits unlawful sexual intercourse if he has sexual intercourse with a female, not his wife, who is under sixteen years of age.

(2) Unlawful sexual intercourse is a felony of the third degree except when at the time of intercourse the male is no more than three years older than the female, in which case it is a class B misdemeanor. Evidence that the actor was not more than three years older than the victim at the time of the intercourse shall be raised by the defendant.

contention that it is constitutionally infirm, insofar as it discriminates against males and denies them equal protection of the laws,[2] though our latest pronouncement on this issue was made on November 20, 1978.[3]

Defendant was tried and convicted of violating Section 76–5–401(1)[4] before the District Court, Utah County, sitting with a jury. The evidence shows that defendant engaged in sexual intercourse with two fifteen-year-old girls, neither of whom was his wife, between the dates of November 23 and 26, 1978. He argues only the constitutional question on appeal.

Defendant contends that the exclusion of females from the penalties of Section 76–5–401 does not serve and was not intended to serve the purposes of the statute as enunciated by this Court in *State v. Housekeeper*,[5] and as defendant is penalized for activities which would not be illegal were he female, the statute denies him equal protection of the laws. Defendant cites *Meloon v. Helgemoe*, 564 F.2d 602 (1st Cir. 1977), for this proposition. We are not persuaded by defendant's authority, and believe *Housekeeper* is valid as against his contention. Nevertheless, we refrain from discussing the issue further for the reason now given.

We have searched the record and do not find that defendant presented this question for determination by the District Court nor are we directed by defendant to any motion or objection made to that court which would remotely preserve this issue for our determination.[6] We find no error on the part of the District Court, and the judgment is affirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

It is noted that the 1979 legislature amended this statute, effective after the time of defendant's trial, and it is now gender neutral. See 76–5–401, Utah Code Ann. 1953, Replacement Vol. 8B, 1979 pocket supplement. Thus the constitutional question which defendant attempts to raise is moot concerning offenses occurring after May 8, 1979.

2. U.S.Constitution, Amendment 14.

3. See *State v. Housekeeper*, Utah, 588 P.2d 139 (1978).

4. Supra, note 1.

5. Supra, note 3.

6. That defendant cannot raise an issue for the first time on appeal, see *Neilson v. Eisen*, 116 Utah 343, 209 P.2d 928 (1949); *Wagner v. Olsen*, 25 Utah 2d 366, 482 P.2d 702 (1971). That this rule applies where the statute is not so plainly unconstitutional that failure to raise the issue sua sponte on the part of the District Court cannot be considered clear error, see *Page v. United States*, 282 F.2d 807 (8th Cir. 1960) and *In the Matter of W.E.P.*, 318 A.2d 286 (D.C.App.1974).