**STATE of Utah, Plaintiff and Respondent,**

v.

**Keith Wilburt MURPHY, Defendant and Appellant.**

**No. 16412.**

Supreme Court of Utah.

Sept. 9, 1980.

Ronald Brent Boutwell, Hurricane, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

The defendant appeals his conviction for possession of a stolen vehicle in violation of 76–6–408. We reverse. All statutory references are to Utah Code Annotated, 1953, as amended.

The defendant was arrested on the morning of November 11, 1978, after being found asleep in the back of a brown Dodge van. At the time of the arrest the van was parked in plain view at 400 North 800 West, Cedar City, Utah. When questioned about his possession of the van the defendant answered that an individual named "Mike" allowed him to sleep in the van, but gave no explanation of who Mike was or how he could be contacted.

At the trial the prosecution introduced the testimony of the defendant's girlfriend, Lori Pledger, hereinafter Pledger, concerning the defendant's possession of the van. Pledger testified the defendant first took possession of the van prior to the time of arrest. She recounted that while walking to an apartment rented by friends of the defendant she and the defendant passed the van which was parked in a community park. Upon finding the friends not at home the couple walked to Hughes Cafe for coffee. Returning to the apartment they found the defendant's friends at home and remained there for approximately two hours.

When the couple left the apartment, they walked to the van, entered it and used it to drive initially to the home of the defendant's brother and then to the apartment where Pledger was living with her uncle. This apartment was located at 390 North 800 West, Cedar City, Utah. The witness further testified she did not see the defendant again that night but saw him the next day at school without the van. She also testified she saw the van parked behind the apartment building the morning after they used it and saw the defendant being arrested the next day at the same location.

In the information and complaint the prosecution alleged the van in question belonged to the U & S Motor Company. The evidence adduced at trial, however, established Robert and Raina Robertson were the registered owners of the van.[1] The current Utah certificate of title and passenger registration for the van provided the address of the owners as 800 West 400 North, ¶ 56, Cedar City, Utah. The evidence presented at the trial explained the owners lived at a trailer park located behind the apartment building in which Pledger lived. The parking lot in which the van was found separated the trailer park and the apartment building.

Following the presentation of the prosecution's case the defendant moved to dismiss the charges against him on the ground the State had failed to establish a prima facie case. The trial court denied the motion and submitted the case to the jury which returned a guilty verdict.

On appeal the defendant claims the trial court erred in denying his motion to dismiss the charges against him, on the ground the State failed to establish a prima facie case. Although the issue is not argued effectively upon appeal, and the defendant's brief emphasizes irrelevant issues concerning the ownership of the vehicle in question, the critical error was recognized and objected to at a trial; and serious injustice would result if this Court refused to correct the error.[2]

The prosecution's failure to correctly identify the elements of the crime of receiving stolen property under 76–6–408 is more reprehensible than the manner in which the defendant presented his case. The State's representation that the elements of the crime are merely two–fold, i. e., (1) receiving or disposing of the property, and (2) knowledge the property was stolen, evidences a fundamental misunderstanding of the statute and the very essence of the culpable activity. This general misunderstanding of the nature and scope of the crime must be remedied by this Court.

The defendant was found guilty of violating 76–6–408, i. e., receiving stolen property. This statute provides in pertinent part:

"(1) A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, . . . with a purpose to deprive the owner thereof."

■ Implicit in the language of the statute are the basic elements of the crime: (1) property belonging to another has been stolen;[3] (2) the defendant received, retained or disposed of the stolen property; (3) at the time of receiving, retaining or disposing of the property the defendant knew or believed the property was stolen; and (4) the defendant acted purposely to deprive the owner of the possession of the property.[4]

■ Before the defendant can be convicted of the crime of receiving stolen property

1. At the close of the prosecution's case the trial judge allowed the state to amend the information to conform to the proof of ownership established during the trial. Thereafter, Robert and Raina Robertson replaced U & S Motor Company as named owners in the information.

2. Cf. *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970); ("However, we recognize that if it appears that the interests of justice so require, this [C]ourt may review claimed errors even in the absence of the proper objection." 470 P.2d at 248). In this case a proper objection to the error was submitted at trial and upon appeal the defendant averred: "When the State rested the first time, evidence of the elements of the alleged crime were missing so that no question for the jury was involved and the court had a duty to withdraw the case from the jury."

Therefore, the issue was properly presented for review on appeal and this Court should address it.

3. This requirement is fundamental to the offense. See *Darnell v. State*, 92 Nev. 680, 558 P.2d 624 (1976); *Felker v. State*, 254 Ark. 185, 492 S.W.2d 442 (1973); *State v. Niehuser*, 21 Or.App. 33, 533 P.2d 834 (1975); see generally 66 Am.Jur.2d, Receiving Stolen Property, Sec. 7, p. 298.

4. Cf. *State v. Lamm*, Utah, 606 P.2d 229 (1980), see also *Kirby v. United States*, 174 U.S. 47 (1899); *Parish v. Commonwealth*, 206 Va. 627, 145 S.E.2d 192 (1965); *Beard v. State*, 42 Md. App. 276, 399 A.2d 1383 (1979); *Jackson v. State*, 10 Md.App. 337, 270 A.2d 322 (1970).

the prosecution must present a quantum of evidence sufficient to establish each element of the crime.[5] In the present case, the prosecution contends they introduced sufficient evidence to establish a prima facie case for consideration by the jury. We cannot agree with this conclusion.

Specifically, the prosecution argues they presented a sufficient quantum of evidence from which the jury could conclude beyond a reasonable doubt; (1) the defendant received or retained the property of another; and (2) the defendant knew or believed the property probably to be stolen. However, their argument overlooks two essential elements of the crime, i. e., the fact the property was stolen and the defendant's intent at the time of the possession.[6]

Before an individual can be convicted of violating 76–6–408 the prosecution must establish the defendant's acts of receiving, retaining or disposing of the property in question were accompanied by a purpose to deprive the owner thereof.

The legislature has specifically defined the term "purpose to deprive" in 76–6–401:

"(3) 'Purpose to deprive' means to have the conscious object:

(a) To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or

(b) To restore the property only upon payment of a reward or other compensation; or

(c) To dispose of the property under circumstances that make it unlikely that the owner will recover it."

■ We recognize proof of a defendant's intent is rarely susceptible of direct proof and therefore the prosecution usually must rely on a combination of direct and circumstantial evidence to establish this element.[7] However criminal convictions may not be based upon conjectures or probabilities and before we can uphold a conviction it must be supported by a quantum of evidence concerning each element of the crime as charged from which the jury may base its conclusion of guilt beyond a reasonable doubt.[8]

■ In the present case, the prosecution has failed to introduce any evidence either circumstantial[9] or direct to establish and prove an unlawful purpose at the time of the defendant's possession of the vehicle.[10]

---

5. Fundamental to our system of criminal jurisprudence is the proposition that a person is presumed innocent until proven guilty. This concept is embodied in 76 1 ·501 which provides: "(1) A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt. In absence of such proof, the defendant shall be acquitted." If the prosecution fails to carry its burden of establishing and proving beyond a reasonable doubt each element of the crime charged against him, the defendant is entitled to an acquittal. See *State v. Housekeeper*, Utah, 588 P.2d 139 (1978) ("It is recognized that the State has the burden of proving each and every element of the offense and if it fails so to do the defendant is entitled to an acquittal" at 140); see also *State v. Haywood*, 297 N.C. 686, 256 S.E.2d 715 (1979).

6. While there are states in which the crime of receiving stolen property does not incorporate a specific intent element, the exclusion of that element is based upon the language of the applicable statutes and not judicial oversight. See *Hamilton v. State*, 129 Fla. 219, 176 So. 89

(1937); *Wertheimer v. State*, 201 Ind. 572, 169 N.E. 40 (1929).

7. See *State v. John*, Utah, 586 P.2d 410 (1978).

8. See *State v. Lamm*, supra note 4.

9. The circumstantial evidence presented at trial, points to the defendant's innocence rather than guilt and can not be relied upon as establishing the requisite element of specific intent. See *State v. Burch*, 100 Utah 414, 115 P.2d 911 (1941.) See also *State v. John*, supra note 7, at 411.

10. While the prosecution failed to introduce any evidence on this element, the existence of it for a conviction of theft by receiving was recognized in the information which stated: ". . . the said defendant, Keith Wilbert Murphy, did receive or retain an operable motor vehicle . . . and did so knowing that said vehicle had been stolen or believing that it had probably been stolen, and did so with the purpose to deprive the said owner of the same." See 76–6 401(3).

Under the evidence presented at trial, the defendant drove the vehicle for one evening and then parked it at the address of the registered owners.[11] He did nothing to alter its appearance, impair its future usefulness to the owners or reduce its subsequent economic value. The defendant requested no reward or other compensation for its return and did not dispose of it under circumstances that would make it unlikely the owners would recover it.

The prosecution's failure to establish this requisite element of the crime renders the trial court's denial of the defendant's motion erroneous and mandates our overruling it. The evidence presented at trial was insufficient to support a conviction of the crime as charged and the defendant should be declared not guilty as a matter of law.

WILKINS, Justice (Concurring with comments).

I concur that this case should be remanded to the District Court for entry of judgment of not guilty for the reason that the State has failed to present any evidence that the defendant knew "... that it (the van) has been stolen, or believing that it probably has been stolen ...," Section 76–6–408(1), Utah Code Annotated, 1953, as amended.

The stipulation made by the prosecution and defense counsel that the van had been "missing" for three days does not, in my view, rise at all to an evidentiary level in this case from which reasonable men and women of the jury could conclude guilt beyond a reasonable doubt on this essential element of the crime charged here.

STEWART, Justice (Concurring with Justice WILKINS and in result with Justice MAUGHAN.)

The defendant in this case contends in his brief there was "no evidence during the state's case in chief [that] was ever introduced to show that the alleged stolen van was ever in fact stolen. No one testified that the van was stolen or that the appellant believed the van to be stolen." Having squarely raised the issue, it is incumbent on this Court to determine whether the above allegation comports with the record. The jury did not find, as pointed out in Mr. Justice Maughan's opinion, that there was an intent to deprive the owner of this property, because no specific instruction requiring such a finding was given. In addition, the only evidence purporting to bear on that element of the crime is that referred to in Mr. Justice Wilkins' opinion. I am compelled to agree that there was a complete absence of probative evidence on a crucial element of the crime and that the defendant properly raised the matter before the trial court and this Court.

Accordingly, it is our duty under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), to remand the case with directions that the defendant be discharged. A remand for a new trial is not appropriate pursuant to the analysis stated in my concurring opinion in *State v. Lamorie*, Utah, 610 P.2d 342 (1980).

HALL, Justice (Dissenting).

I am constrained to dissent from the majority opinion since it fails to conform to time–honored principles of appellate review. This Court has previously stated in literally scores of cases that it will not address an issue raised for the first time on appeal.[1] By addressing issues never raised by the parties (neither below nor on appeal), the Court not only effectively tries the cases for the litigants, but it also circumvents any opportunity on the part of the trial court to even address what ultimately become the dispositive issues. It is

---

11. Due to the circumstantial character of the proof concerning the defendant's intent, facts relating to the ownership, location and condition of the van become important.

1. For a sampling of recent cases so holding see the following: *State v. Valdez*, Utah, 604 P.2d 472 (1979); *State v. Laird*, Utah, 601 P.2d 926 (1979); *Lamkin v. Lynch*, Utah, 600 P.2d 530 (1979); *Maltby v. Cox Construction*, Utah, 598 P.2d 336 (1979); *Heath v. Mower*, Utah, 597 P.2d 855 (1979); *Themy v. Seagull Enterprises*, Utah, 595 P.2d 526 (1979).

my opinion that to so rule is totally foreign to our system of justice. In any event, I cannot agree that the facts of this case warrant a ruling, as a matter of law, that the jury verdict be set aside and that the defendant be discharged. Additionally, I am not persuaded that the interests of justice will be enhanced by such a ruling.

The majority opinion is based on the premise that there is a lack of reasonable support in the evidence for the jury's conclusions that the van in question was stolen and that the defendant formed the criminal intent necessary to constitute the offense of possession of stolen property. However, this Court is not to act as fact–finder, but is bound to survey the facts contained in the record in the light most favorable to the judgment below.[2] Having done so, I can only conclude that there is an adequate factual basis in the record to support the conviction and judgment of the trial court, notwithstanding the points of error actually asserted by the defendant, and the issues raised, *sua sponte*, by the majority of the Court.

Additional pertinent facts not recited in the main opinion are abstracted from the record as follows: At the time of defendant's arrest, the key was in the ignition which had been tampered with such that the tumblers were missing and the lock could be lifted out of the socket. It was stipulated at trial that defendant had been driving the van, and his girlfriend, Lori Pledger, testified that he had driven it for several days. It was also stipulated that the van had been "missing' from the U & S Motor Company parking lot for three days and the vehicle registration and certificate of title were stipulated as being those to the van in question.

Defendant was arrested for theft, and charged therewith, by information, which alleged that he received, retained, or disposed or the property of another knowing that it had been stolen, or believing that it probably had been stolen.[3] The information further·alleged that the van was opera-

ble, and was owned by U & S Motor Company. At the close of the State's case in chief, defense counsel moved to dismiss, not on the grounds that no theft had been proven, but on the grounds that the evidence established ownership in Robert and Raina Robertson rather than U & S Motor Company. Prior to ruling on that motion, the court provoked the prosecutor to amend the information to conform to the evidence and a motion made for that purpose was granted. Defense counsel objected to the amendment, claiming prejudice thereby. Defense counsel's motion to dismiss for failure to present a prima facie case was thereupon denied.

The jury found the defendant guilty as charged. When defendant appeared for sentencing, defense counsel again moved for a dismissal, or for a new trial, on the basis of a newly–discovered bill of sale from Robert and Raina Robertson to U & S Motors. Defense counsel again claimed that his case had been prejudiced by the amendment to the information. The defense motions were denied, and defendant was sentenced to between 1 and 15 years at the Utah State Prison.

In light of all of the facts, I deem the concern of the majority that the prosecution failed in its proof that the van was stolen to be wholly unfounded. The defendant himself obviated the necessity of further proof of theft by stipulating that the van was "missing." In the obvious context of its use, the term "missing" was tantamount to the use of the term "stolen." This is borne out by the undisputed fact that defendant never challenged the quantum of proof of theft at trial, nor does he attempt to raise it as an issue on appeal. To conclude, as does the majority, that the term "missing" does not connote theft in the context of its use in this case, is to sanction invited error since the prosecution and the trial court no doubt relied upon the stipulation as sufficient proof of the essential element of theft.

**2.** *State v. Daniels*, Utah, 584 P.2d 880 (1978).

**3.** U.C.A., 1953, 76-6–408.

I also deem the concern of the majority as to a lack of any kind of proof of criminal intent to be without substance. The prosecution clearly presented evidence from which the jury could reasonably infer that defendant possessed the necessary criminal intent. That evidence consists of the following: (1) the stipulation that the van was missing; (2) defendant's possession of the van, coupled with his having driven it for several days; (3) the ignition had been tampered with; and (4) defendant's unexplained possession. All of such evidence, although it be circumstantial, readily gives rise to the reasonable inference that defendant knew that the van was, or probably was, stolen and that he was in fact depriving the owner thereof.

In *Barnes v. United States*,[4] the United States Supreme Court approved the following jury instruction:

> Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence of the case, that the person in possession knew the property had been stolen.

The Court went on to say:

> In the present case we deal with a traditional common–law inference deeply rooted in our law. For centuries courts have instructed juries that an inference may be drawn from the fact of unexplained possession of stolen goods.

This Court has long recognized this elementary principle of law. Most recently, in *State v. Burr*, [5] we stated the matter as follows:

> ... it is a fact of life that one in possession of stolen property who makes no explanation as to how he came to be in possession is apt to be under some adverse consideration as to his honesty; and if he has an explanation as to how he innocently came into possession of the stolen property, he would certainly improve his situation by giving his account of how it happened to the jury.

I now turn to the actual matters defendant urges upon us. His basic argument is that the state failed, as a matter of law, to prove beyond a reasonable doubt every element of the crime with which he was charged,[6] in that the allegation that U & S Motor owned the van was not proved; in fact that the evidence showed ownership to be in the Robertsons. Furthermore, defendant claims that to permit the information to be amended to conform to the evidence was prejudicial error.

A trial court may properly permit the prosecution, at the close of its case in chief, to amend the information filed in the case to conform to the evidence presented, provided no prejudice thereby accrues to the defendant.[7] As indicated, *infra*, no such prejudice arose from the amended information in the instant case.

The applicable statutory provision [8] provides, in pertinent part, as follows:

> A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, ... with a purpose to deprive the owner thereof.

The elements of the offense may thus be stated as: (1) the actor must receive, retain, or dispose of the property of another; (2) the actor must know the property has been stolen or believe the property to probably have been stolen; and (3) the actor must

---

4. 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

5. Utah, 579 P.2d 331 (1978); see also *State v. Potello*, 40 Utah 56, 119 P. 1023 (1911).

6. *State v. Housekeeper*, Utah, 588 P.2d 139 (1978); *State v. Gutheil*, 98 Utah 205, 98 P.2d 943 (1940).

7. U.C.A. 1953, 77 21 -43; see also U.C.A., 1953, 77 17 -3 and *State v. Rohletter*, 108 Utah 452, 160 P.2d 963 (1945).

8. U.C.A., 1953, 76–6 -408.

have a purpose to deprive the owner of the property.

Specific ownership of the subject property is not an element of the offense of theft, although it may be alleged in the information.[9] The prosecution need not conclusively prove who owned the property in question, only that the accused obtained or exercised unauthorized control over the property of another.[10] Therefore, in the instant case, it does not matter whether the van was owned by the Robertsons or by U & S Motor. Assertions in that regard, which appeared in the information, both prior to and after the amendment, were thus mere surplusage, and no proof thereon was requisite.[11]

There being no further valid assignments of error in the trial proceedings, I would affirm the conviction and the judgment of the trial court. Inasmuch as the majority of the Court has seen fit to address issues never raised by the parties, and hence not ruled upon by the trial court, the only reasonable alternative disposition of this appeal should be to remand for a new trial on all issues rather than to set aside the jury verdict and discharge the defendant.[12]

CROCKETT, J., concurs in the dissenting opinion of HALL, J.

---

**9.** Note that even a person with an interest in the property can "steal" it from another with an interest. See U.C.A., 1953, 76 -6–402(2); *State v. Parker*, 104 Utah 23, 137 P.2d 626 (1943).

**10.** *State v. Simmons*, Utah, 573 P.2d 341 (1977).

**11.** U.C.A., 1953, 77- 21 20, 77 21 42.

**12.** See *State v. Lamorie*, Utah, 610 P.2d 342 (1980).