Benjamin Gassman, P. J.
The defendants are charged in a three-count information with (1) criminally receiving stolen property; (2) criminally concealing stolen property, and (3) petit larceny by appropriation.
The police officer testified that he was called to the complainant’s store and was there informed by the chief of the store detectives that she apprehended one Joseph Pisco in the act of stealing a man’s overcoat and that the said Pisco was then being detained by her. After a conference between the police officer and the said chief of store detectives, the alleged thief was then given the coat and was permitted to leave the store with it, so that he might lead them to the alleged receiver. In fact, the police officer assisted the alleged thief in putting the overcoat on his back. They followed him out of the store and saw him enter the defendants’ store. They entered the store a few minutes later and found the coat on one of the counters. One of the defendants was in the store with the alleged thief and the other defendant entered the store shortly thereafter. They then arrested both defendants. The defendants moved to dismiss the information at the end of the People’s case.
When the alleged thief was told by the police officer, with the sanction of the chief of detectives of the store, to put the coat on and walk out of the store with it, the coat, which the defendants are charged with having criminally received, had lost its character as stolen property at the time when it was allegedly offered for sale to the defendants. In fact, after the alleged thief was apprehended, that coat was restored to its lawful owner and was wholly within the owner’s control. It was *725 offered to the defendants with the owner’s knowledge and consent.
A defendant may not be convicted of receiving stolen property if, in fact, the property was no longer in the category of stolen property. Even if the purchase of the coat by the defendants had been completed under the circumstances here described, it would not constitute the crime of receiving stolen property, since there could be no knowledge on the defendants’ part of a nonexistent fact, even though they might have believed the coat to be stolen. No man can know that to be so which is not so in truth and in fact. Mere belief is not enough under the statute. It is not even enough to constitute the crime of attempting to receive stolen property, for, as the court pointed out in People v. Jaffe (185 N. Y. 497, 501): “If all which the accused
person intended to do would if done constitute no crime it cannot be a crime to attempt to do with the same purpose a part of the thing intended ’ ’.
The defendants’ motion should be granted on the law and the defendants acquitted.
Concur — Comerford and Dunaif, JJ.
Motion granted, etc.