Argued June 6, affirmed as modified June 22, 1966

# STATE OF OREGON *v.* AMOS BRANCH
### 415 P. 2d 766

*Howard R. Lonergan,* Portland, argued the cause

for appellant. With him on the briefs was Fred Jensen, Portland.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and HAMMOND, Justices.

GOODWIN, J.

The question now to be decided for the first time in this state is whether it is proper to give the "felony-murder" instruction in a case in which the only felony, apart from the killing charged in the indictment, was the included assault upon the victim with a dangerous weapon.

Amos Branch was indicted under ORS 163.010[1] (murder in the first degree) and was found guilty of murder in the second degree. ORS 163.020.[2] He appeals.

The evidence established that Branch shot and killed Tommy Poole with a pistol as Poole was getting out of an automobile which was double-parked alongside Branch's automobile. Several days before the

---

[1] First Degree Murder. "(1) Any person who purposely, and of deliberate and premeditated malice, or in the commission of or attempt to commit rape, arson, robbery or burglary, kills another, is guilty of murder in the first degree.

"* * * * *."

[2] Second Degree Murder. "(1) Any person who kills another purposely and maliciously but without deliberation and premeditation, or in the commission or attempt to commit any felony other than rape, arson, robbery or burglary, is guilty of murder in the second degree.

"* * * * *."

killing there had been an altercation between the same parties and Poole had inflicted a beating upon Branch. A defense of self-defense was relied upon. There was no attempt to controvert the state's evidence that Branch shot and killed Poole with a pistol.

At the request of the prosecution, the trial judge gave a standard felony-murder instruction, edited to fit a factual situation in which the felony in question was not arson, burglary, rape, or robbery. The jury was told:

"Now, I have just instructed you regarding the lesser and included crime of second degree murder when committed purposely and maliciously. However, under our law, a killing which is committed by a defendant during the commission of or attempt to commit the crime of assault with a dangerous weapon is also second degree murder.

"A killing committed under these circumstances is known as felony murder under our law and is murder in the second degree whether the actual killing is. intentional, unintentional or accidental. So far as applicable to the case before us, proof, if any, either that the defendant killed the victim purposely and maliciously, or while the defendant was engaged in the commission of or attempt to commit the felony of assault with a dangerous weapon, though without any design to take life, establishes the defendant's guilt of the lesser and included crime of second degree murder."

The foregoing instruction is challenged as erroneous for the reason that it was in conflict with a manslaughter instruction and could have had the effect of inhibiting a manslaughter verdict.

The purpose of the felony-murder rule is to relieve the state of the burden of proving premeditation or malice whenever the victim's death is caused by the

killer while the killer is committing another felony. Since a malignant purpose is established by proof of the defendant's other felony, malice is redundant with reference to the killing. If the collateral felony is one of those named in ORS 163.010, the murder is first degree. If the collateral felony is any other felony, the murder is second degree. ORS 163.020.

■ The state contends that the felony need not be a collateral one, but that any included felony, such as an aggravated assault, is a sufficient felony to entitle the state to an instruction on felony murder under ORS 163.020. We disagree.

In order to preserve the distinctions between the degrees of murder and manslaughter, courts in other states have held that where the only felony committed (apart from the murder itself) was the assault upon the victim which resulted in the death of the victim, the assault merged with the killing and could not be relied upon by the state as an ingredient of a "felony murder." See, e.g., *State v. Essman,* 98 Ariz 228, 235-236, 403 P2d 540, 545 (1965); *State v. Shock,* 68 Mo 552 (1878); *People v. Luscomb,* 292 NY 390, 55 NE2d 469 (1944); *People v. Lazar,* 271 NY 27, 2 NE2d 32 (1936); *People v. Moran,* 246 NY 100, 102, 158 NE 35, 36 (1927).

The state attempts to justify its requested instruction in the case at bar by relying upon *State v. Reyes,* 209 Or 595, 308 P2d 183 (1957). In *State v. Reyes,* the felony-murder instruction was properly given. There the evidence showed that Reyes was holding a gun on a police officer when a citizen, attempting to help the officer, intervened and was killed. In that case, the defendant's felony of assaulting the police officer with a dangerous weapon was a collat-

eral felony as far as the murder of the third party was concerned. The *Reyes* case affords the state no warrant for asking for a felony-murder instruction when the person assaulted is the one killed. In such a case, the assault is an included crime, and it merges with the killing.

The more difficult problem in the case at bar is whether the error requires reversal. The evidence is such that the jury could not have found the defendant innocent unless it believed his story of self-defense. The jury obviously rejected the defense of self-defense. The most favorable verdict, therefore, that could have been returned under the circumstances would have been a verdict of manslaughter. It may be assumed that the giving of the challenged instruction could have influenced the jury against a manslaughter verdict.

■ Manslaughter is punishable by a term of imprisonment of not more than 15 years. The defendant was sentenced to a term not to exceed five years. We have no way of knowing whether the defendant would have received a more favorable sentence if the jury had found him guilty of manslaughter. While ordinarily it is necessary to remand a case of this kind for another trial when an error is shown to have been made in instructing the jury, this is a proper case in which to apply Oregon Constitution, Art VII, § 3 in modification of the judgment. See *State v. Braley*, 224 Or 1, 355 P2d 467 (1960). Accordingly, we vacate the sentence and remand the cause for resentencing for the crime of manslaughter, the punishment not to exceed that previously imposed for second-degree murder.

Affirmed as modified, and remanded for resentencing.