Argued July 9, affirmed as modified August 22, 1969

# STATE OF OREGON, *Respondent, v.*
# CLARK ANTON ZADINA,
## *Appellant.*

457 P2d 670

*Ken C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Frank D. Knight*, District Attorney, Corvallis, argued the cause and filed the brief for respondent.

SCHWAB, C. J.

Upon trial by jury, defendant was found guilty of second degree murder for the killing of his two-month-old daughter. The sole basis of his appeal is that the trial court erred in instructing the jury that " '* * * the law *conclusively presumes a malicious and guilty intent* from the deliberate commission of an unlawful act * * *.' " (Emphasis supplied.)

The state concedes that the instruction complained of is error under the doctrine set forth in *State v. Rawls*, 247 Or 328, 429 P2d 574 (1967); *State v. Elliott*, 234 Or 522, 383 P2d 382 (1963). The defendant argues that the ends of justice require that this court take notice of the alleged error, even though no exception was taken at the time of trial. The state argues to the contrary.

██ The general rule is that it is not error only, but error legally excepted to which affords grounds for reversal. *State v. Avent*, 209 Or 181, 302 P2d 549 (1956). This rule has been relaxed only when the court, upon examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied. *State v. Braley*, 224 Or

1, 355 P2d 467 (1960); *State v. Avent,* supra. Our examination of the record of this case leads us to the conclusion that we should take notice of the erroneous instruction.

The mental capacity of the defendant is marginal. He has a long history of mental and emotional problems. He was 26 years of age at the time of his trial in April 1968. His difficulties were of such long standing that he had been examined by a psychologist in 1957 and a psychiatrist in 1959. The psychologist who conducted the 1957 examination testified at the trial that defendant had an IQ of 70, was mentally defective, that his condition evidenced a childhood brain injury, and that if he were "stirred up," violent behavior could result from the brain damage. The psychologist who examined the defendant on behalf of the state testified at the trial that defendant had an IQ of 89, a "low normal" category, and that particularly low scores on certain parts of the test were a strong indication of organic brain damage. He further testified that the brain injury made it difficult for the defendant to control his responses. The psychiatrist who examined the defendant in 1959 also examined him the day before trial. He testified that the defendant could not distinguish between right and wrong and that the defendant did not have the mental ability "sufficient to conceptionalize [sic] even malice." The psychiatrist who examined the defendant on behalf of the state testified that he was of the opinion that the defendant was legally sane, but did agree that his examination of the defendant indicated brain damage and a resulting deficiency in ability to control his temper. There was testimony that the defendant had, in fact, suffered serious brain injury as a child, had a long history of emotional instability, irritability, inability to cope with

formal schooling, and great difficulty in engaging in gainful employment.

■ The defendant did not deny that he killed the child, nor did he contend that the death was justifiable or excusable as those terms are defined in ORS 163.100 and ORS 163.110. His only defense was that of insanity, no exception was taken at the trial or issue raised on appeal as to the adequacy of the instructions given on this subject, and the defense of insanity was rejected by the jury. The most favorable verdict that could have been returned under the circumstances was manslaughter. The giving of the challenged instruction may well have influenced the jury against such a verdict. We are of the opinion that this court has the same authority as the Supreme Court of this state to apply Art VII, § 3, Oregon Constitution, and that this is an appropriate case for its application. *State v. Branch*, 244 Or 97, 415 P2d 766 (1966); *State v. Braley*, 224 Or 1, 355 P2d 467 (1960). Accordingly, we vacate the sentence and remand the cause for resentencing for the crime of manslaughter.