Argued February 22, affirmed March 9, 1972

STATE OF OREGON, *Respondent, v.* JOHNNIE
HAROLD ELLER, *Appellant.*

494 P2d 454

*Robert L. Cowling,* Medford, argued the cause for appellant. On the brief were Ford & Cowling, Medford.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant was convicted in the district and circuit courts of driving while under the influence of intoxicating liquor and appeals the circuit court conviction assigning as error that the court should have granted a mistrial after an improper question was asked by the prosecutor.

Defendant was arrested on the night of September 13, 1970, after a state police officer's attention was called to him by another motorist. In the circuit court jury trial, in his cross-examination of the defendant, the prosecutor asked:

> "Have you ever been convicted of *this offense* in the past?" (Emphasis supplied.)

The defendant's counsel objected. The objection was sustained and defense counsel moved for a mistrial on the basis of the improper question. The court ruled on the motion:

> "THE COURT: The motion is denied. The jurors are to disregard Mr. Paauwe's last question."[1]

---

[1] If the prosecutor's purpose was to show that the defendant

■ The way the question was posed by the prosecutor was calculated to prejudice the defendant by innuendo that defendant had been previously convicted of this particular offense. The record does not show whether or not this is true. Nevertheless, for the following reasons we do not reverse and remand.

In the case at bar evidence was that the defendant took a breathalyzer test after his arrest which showed a .20 blood alcohol content. Under ORS 483.642, at the time of defendant's arrest, having a blood alcohol content of .15 raised a disputable presumption that the defendant was intoxicated.[2]

The arresting officer related his rights to defendant and made a tape recording of his conversation with the defendant. The tape became an exhibit in the case and was listened to by the jurors. We have listened to this tape and conclude from it and the report of the blood alcohol content that it is impossible for anyone hearing the evidence to come to a conclusion other than that the defendant was guilty as charged. Therefore, although the prosecutor's question was improper, we conclude that it could have had no possible influence upon the result in this case. Justice requires that the conviction be affirmed. Oregon Constitution, Art VII, § 3 (amended); *State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969); see also ORS 138.230.

Affirmed.

---

previously had been convicted of a crime in order to attack his credibility, the proper question would have been whether he had ever been convicted of a crime, not "this offense." The alternative method of attacking credibility through proof of conviction of other crimes is by introduction of an authenticated record of such convictions. State v. Rollo, 221 Or 428, 351 P2d 422 (1960).

[2] By Oregon Laws 1971, ch 313, this statute was changed so that having a .10 or more blood alcohol content raises a disputable presumption of intoxication.