Submitted on record and appellant's brief March 18, affirmed as modified and remanded for resentencing April 7, 1975

# STATE OF OREGON, *Respondent, v.*
# DANIEL JOSEPH NIEHUSER, *Appellant.*

### 533 P2d 834

Ancer L. Haggerty, Portland, filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, appeared for respondent.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

SCHWAB, C. J.

The issues here are: (1) In order to prove a charge of theft (by obtaining or receiving) is it essential to prove that the property received was, in

fact, stolen; (2) if so, does property cease to be stolen when recovered by the police; and (3) if so, can the receipt of such previously stolen property constitute the crime of attempted theft.

The police captured two burglars, Gilcrease and McSorley, and recovered the fruits of their crimes including two television sets taken from one home and a rifle taken from another home. Gilcrease told the police that they had planned to sell these items to the present defendant. An undercover officer, pretending to be Gilcrease's friend, proceeded to sell the televisions and rifle to the present defendant. The defendant immediately resold these items to one Merriman. Defendant was then arrested.

■ Defendant was indicted for two counts of first-degree theft: (I) "buying and selling" the televisions, "the property of William Henry Hubert," knowing they were "the subject of theft"; and (II) "buying and selling" the rifle, "the property of Joseph Stanley Heivey," knowing it was "the subject of theft." ORS 164.015, 164.055(1)(c) and (d), and 164.095. Both counts alleged the acts occurred at exactly the same time and place; the only differences were the description of the property involved and the identity of the owners. The trial court properly ruled that this indictment charged only one crime. *See, State v. Clark,* 9 Or App 530, 497 P2d 1210 (1972). Defendant was convicted and now appeals.

The general definition of the action element of the crime of theft includes "obtaining" property from an "owner" thereof. ORS 164.015. "Owner" means any person who has a right to possession "superior to that of the taker." ORS 164.005(4). A person who has obtained property illegally "shall be deemed to have a right of possession superior to that of a person who takes * * * the property from him by means of theft." ORS 164.105(1).

Substantially the same concept as expressed in the above combination of statutes is stated in a more specific definition of theft: "A person commits theft by receiving if he receives, retains, conceals or disposes of property of another * * *." ORS 164.095(1).

When a person "obtains," ORS 164.015(1), or "receives," ORS 164.095(1), the property of another, it may or may not be stolen.[1] Does this make any difference for purposes of whether the act of obtaining or receiving constitutes theft?

Surprisingly, Oregon's theft statutes do not clearly answer this question. The general theft statute, ORS 164.015, does not explicitly require that property "obtained" be stolen. The more specific theft-by-receiving statute, ORS 164.095, requires that the defendant know "or have good reason to know that the property was the subject of theft." This might mean that the property in question must, in fact, be stolen, or it might mean that an honest but mistaken belief that the property is stolen is sufficient. And the defenses to theft enumerated in ORS 164.035 do not include any reference to property being stolen or not.

■ The general rule, based on interpretation of receiving-stolen-property statutes, is that the property received must, in fact, be stolen.[2] The commentary of the draftsmen of Oregon's newer consolidated theft

[1] In this opinion we use the term "stolen property" in the broad sense of property illegally acquired, and do not consider whether there is any distinction between the specific means used, such as theft or burglary.

[2] United States v. Cawley, 255 F2d 338 (3d Cir 1958); State v. Robinson, 74 Or 481, 145 P2d 1057 (1915) (dicta); State v. Hanna, 35 Or 195, 57 P 629 (1899) (dicta); People v. Rojas, 55 Cal2d 252, 10 Cal Rptr 465, 358 P2d 921, 85 ALR2d 252 (1961); Faustina v. Superior Court, 174 Cal App2d 830, 345 P2d 543 (1959); Booth v. State, 398 P2d 863 (Okla 1964); People v. Finkelstein, 21 Misc2d 723, 197 NYS2d 31 (1960).

statute repeatedly and strongly implies that there was no intent to depart from this general rule. *Commentary*, Criminal Law Revision Commission, pp 130-140. One passage, for example, states:

"* * * A person found in possession of recently *stolen property* may be either the thief or the receiver; but if the prosecution can prove the requisite thieving state of mind, it makes little difference whether the jury infers that the defendant took directly from the owner or acquired from the thief." Proposed Oregon Criminal Code 137 (1970). (Emphasis supplied.)

Accordingly, we conclude that in a theft prosecution based upon a theory of illegally obtaining or receiving the property of another the state must prove that the property was, in fact, stolen.

■ This brings us to the question of whether there was sufficient proof of that fact in this case. As noted above, the property that the present defendant bought and sold: (1) was stolen in burglaries; (2) was recovered by the police; and (3) was sold to the defendant by an undercover police officer. So far as we can tell, every court that has considered the question has held that once property is recovered by the police it ceases to be "stolen" property.[9] The state does not argue that we should rule differently, nor do we perceive any reason to do so. Therefore, as the state concedes, defendant's conviction for first-degree theft cannot stand.

■ This brings us to the final question: Given that it was impossible for defendant to commit the crime of theft because the property he received was not stolen, can defendant nevertheless be found guilty of

[9] United States v. Cawley, supra; People v. Rojas, supra; Faustina v. Superior Court, supra; Booth v. State, supra; People v. Finkelstein, supra. *See also,* LaFave and Scott, Criminal Law 685, n 30 (hornbook 1972).

attempted theft? While this question might well be a law professor's delight,[4] under Oregon law the answer is quite simple. ORS 161.425 provides:

"In a prosecution for an attempt, it is no defense that it was impossible to commit the crime which was the object of the attempt where the conduct engaged in by the actor would be a crime if the circumstances were as the actor believed them to be."

The Criminal Law Revision Commission explained quite clearly that ORS 161.425 "would make the actor liable in all 'impossibility' situations." *Commentary,* supra at 53. *See also, State of Oregon v. Elliott,* 206 Or 82, 289 P2d 1075 (1955).

■ In finding defendant guilty of first-degree theft as charged, the jury necessarily found that the defendant believed the televisions and rifle to be stolen, since an element of first-degree theft is awareness that property belongs to another, ORS 164.095, 164.035(1)(a). And the jury necessarily found that defendant at least engaged in conduct that constituted a substantial step toward receiving stolen property, ORS 161.405(1), which is required to prove an attempt. Therefore, under our constitutional authority,[5] this case is remanded for resentencing on the crime of attempted theft.

Affirmed as modified and remanded for resentencing.

---

[4] "Judging from the volume of literature in this area, scholars in the field of substantive criminal law appear to be more fascinated with the subject of impossibility in attempts than with any other subject. Perhaps this is not surprising, for the question of whether we should punish a person who has attempted what was not possible under the surrounding circumstances requires careful consideration of many of the fundamental notions concerning the theory and purposes of a system of substantive criminal law." LaFave and Scott, supra at 438.

[5] State v. Branch, 244 Or 97, 415 P2d 766 (1966); State v. Zadina, 1 Or App 11, 457 P2d 670 (1969).