TANZER, J.
Defendant appeals from a conviction of second degree theft of lost or mislaid property.[1] The principal issue on appeal is whether the conviction can be sustained in light of the state’s undisputed proof at trial that the property in question was either stolen or taken without permission rather than lost or mislaid.
Defendant owns and operates a jewelry store. Sometime in June 1976, two boys brought a diamond ring to the store and asked defendant’s assistant how much it was worth. After examining the ring, defendant stated that it would be worth $50 to him. Later, one or both of the boys returned and offered either to sell the ring or to hock it. Defendant asked where the boys had obtained the ring and was told they had found it in the park. Defendant then obtained the ring in exchange for $25.[2] He placed the ring on the counter, where it remained for several days until the assistant placed it in a box of miscellaneous items while she was cleaning up. Defendant testified that he *[62] forgot about the ring. He took no steps to find the owner.
In fact, the ring had not been found in the park. Rather, one of the boys had taken it from his mother. When she discovered the ring was missing, she contacted the sheriff. Upon investigation, the son admitted taking the ring and described the transaction with defendant. The sheriff and the ring’s owner then went to defendant’s store, where the ring was found after a brief search.
In a trial to the court, the state proceeded on the several alternative theories of the indictment: theft by receiving stolen property, theft by withholding property, theft by deception, and theft of lost or mislaid property. The court found defendant "guilty of THEFT IN THE SECOND DEGREE committed by theft of lost or mislaid property under ORS 164.065” and fined him $500.
Defendant’s first assignment of error contends that ORS 164.065, theft of lost or mislaid property, has no application where the property is not in fact lost or mislaid. In State v. Niehuser, 21 Or App 33, 533 P2d 834 (1975), we held that in order to prove a charge of theft by receiving, the state must prove that the property received was in fact stolen. We also held that property was no longer "stolen” after it had been recovered by the police and that those conclusions precluded a conviction for theft by receiving.
 The present situation is analogous to Niehuser. We follow its reasoning and hold that there can be no conviction for theft of lost or mislaid property without evidence sufficient to support a finding that the property was actually lost or mislaid. There was no such evidence here.
In finding defendant guilty of theft of lost or mislaid property, the trial court necessarily found that all the elements of the offense had been proved beyond a reasonable doubt. Although the evidence is insuffi *[63] cient to support the finding that the ring was actually lost or mislaid, it was sufficient to support every other finding including the necessarily implicit finding that the defendant believed the ring to have been lost or mislaid when he acquired it, as defendant himself testified. Therefore the finding necessarily includes findings of each of the elements of the included offense of attempted theft of lost or mislaid property even though the property was stolen rather than lost, because impossibility is not a defense to attempt by virtue of ORS 161.425, which provides:
"In a prosecution for an attempt, it is no defense that it was impossible to commit the crime which was the object of the attempt where the conduct engaged in by the actor would be a crime if the circumstances were as the acted [sic] believed them to be.”
See, State v. Niehuser, 21 Or App at 37-38. The evidence was sufficient to warrant the court’s finding that defendant came into control of property which he believed to have been lost and that, with intent to deprive the owner of the property, he failed to take reasonable measures to restore it to its owner. Therefore, we invoke our authority under Oregon Constitution, Art VII, § 3, to modify the judgment. See, State v. Branch, 244 Or 97, 415 P2d 766 (1966); State v. Niehuser, 21 Or App 33, 533 P2d 834 (1975); State v. Zadina, 1 Or App 11, 457 P2d 670 (1969). If otherwise sound, the conviction must be remanded for resentencing for the crime of attempted theft.
Defendant’s second assignment of error concerns the sufficiency of the evidence to establish his intent permanently to deprive the owner of possession of the ring and the lack of evidence as to what steps he should have taken to restore the property to its owner. The circumstances surrounding defendant’s acquisition of the ring and his failure to take any steps whatsoever to return the ring are adequate to permit an inference of the required intent. It is for the trier of fact to determine whether the measures taken by defendant to restore the property to its owner were *[64] reasonable; here, defendant made no effort to return the ring.
The other ruling assigned as error is immaterial on appeal in light of the trial court’s ultimate disposition.[3]
Affirmed as modified and remanded for re-sentencing.

ORS 164.015 provides in pertinent part:
"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:
"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or
"(2) Commits theft of property lost, mislaid or delivered by mistake as provided in ORS 164.065 * *
ORS 164.065 provides:
"A person who comes into control of property of another that he knows or has good reason to know to have been lost, mislaid or delivered under a mistake as to the nature or amount of the property or the identity of the recipient, commits theft if, with intent to deprive the owner thereof, he fails to take reasonable measures to restore the property to the owner.”

The precise nature of the transaction is unclear. Defendant testified that he did not think he bought the ring; that he would have expected to pay $50 to purchase it; that he thought $25 would be a fair reward for the owner to pay; and that he thought it would be easier for the owner to recover the ring through him than through the boys. The boy who testified stated that he thought he was hocking the ring. Yet, the record does not reveal that anything was said by either party to distinguish the transaction from an ordinary purchase.

The state’s expert testified that the retail value of the ring in a jewelry store would be $390, but that its quick sale value was $70.30. The state stressed the former valuation as sufficient to meet the $200 value required for first degree theft. OJRS 164.055. The trial judge fixed the value at $70.30 and found defendant guilty of second degree theft.