Argued August 23, affirmed in part, reversed in part, and
remanded October 22, 1979

# STATE OF OREGON,
*Respondent,*
*v.*
# LARRY DARWIN SKAGGS,
*Appellant.*

(Nos. 78-2-340; 78-2-34l, CA 12168)

601 P2d 862

Ernest Estes, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and Stephanie A. Smythe, Deputy Public Defender, Salem.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Defendant was convicted in a jury trial of theft in the first degree, assault in the second degree, robbery in the third degree and unauthorized use of a vehicle. He appeals, assigning as error (1) denial of his motion for a directed verdict of acquittal for robbery, (2) entering of a separate conviction for robbery, and (3) entering of a separate conviction for unauthorized use of a vehicle.[1]

Late in the evening of October 25, 1976, defendant and another person were accosted by a Clackamas County deputy sheriff while they were apparently in the act of stealing a vehicle. The officer engaged in a scuffle with the other person over possession of the officer's service revolver. During the struggle defendant stabbed the officer twice and then grabbed him by the hair, held an object to his throat and said, "Let go of the gun or I'll cut it," or "I'll slit it." After being struck a third time, the officer lost control of the revolver. The two assailants made their escape from the scene in the officer's patrol car, taking the gun with them.

On the first assignment of error defendant argues that there was insufficient evidence to show intent to commit theft of the revolver, which was the theft element in the robbery charge, because the evidence suggested that defendant's original and continuing intent was to steal a car. He asserts that his actions were intended only to disarm the officer and to escape and that the intent to disarm excluded intent to commit theft of the gun.

The crime of robbery does not require an actual taking of property, but only intent to commit theft, for

---

[1] Defendant was charged under two indictments. The first was for theft in the first degree. The second contained counts of attempted murder, assault in the second degree, robbery in the first degree and unauthorized use of a vehicle. The cases were consolidated for trial. The trial court merged the convictions for robbery, assault and unauthorized use in sentencing defendant on the assault charge.

"repression of violence is the principal reason for being guilty of robbery." Commentary, Oregon Criminal Code of 1971, 190 (1975 ed). The requisite intent under the robbery statute[2] is derived from the theft statute[3] and the definitions of theft.[4] Intent to commit theft is present where there is intent to dispose of property "under such circumstances as to render it unlikely that an owner will recover such property." ORS 164.005(2)(b).

■ As stated in *State v. Gibson*, 36 Or App 111, 115, 583 P2d 584, *rev den* 285 Or 319 (1978),

> "[T]he issue is not whether we believe defendant guilty beyond a reasonable doubt but whether the evidence was sufficient for the trier of fact so to find. *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974); *State v. Zauner*, 250 Or 105, 110, 441 P2d 85 (1968)."

In *State v. Mack*, 31 Or App 59, 569 P2d 624 (1977), we held that for purposes of determining commission of theft, intent permanently to deprive the owner of

---

[2] ORS 164.395 provides in pertinent part:

"(1)  A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a)  Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or ***."

[3] ORS 164.015 provides in pertinent part:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or ***."

[4] ORS 164.005(2):

" 'Deprive another of property' or 'deprive' means to:

"(a)  Withhold property of another or cause property of another to be withheld from him permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him; or

"(b)  dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property."

possession of property could be inferred from the circumstances surrounding the act.

■ From the circumstances of the episode, an inference could reasonably have been drawn by the jury that the deputy sheriff was unlikely to recover his revolver after the violent attempt to disarm him and the escape. The revolver was not left behind at the scene of the incident, and a witness testified that he saw the gun later that evening when defendant and a codefendant were trying to operate the jammed mechanism. Next morning the witness brought the gun to the police and assisted in the arrest of defendant. The question was properly submitted to the jury.

■ On the second assignment of error, the state concedes error in the failure to merge the convictions for robbery and assault. See *State v. Steele*, 33 Or App 491, 497, 577 P2d 524, *rev den* 285 Or 195 (1978).

■ As to defendant's third assignment, the conviction for unauthorized use of a vehicle was not required to be merged with that for the robbery or assault, because the unauthorized use charge was not encompassed by either of those charges. *See State v. Dinkel*, 34 Or App 375, 392, 579 P2d 245, *rev den* 285 Or 195 (1978). Moreover, this was not a "single criminal episode with a single criminal objective." *State v. Cloutier*, 286 Or 579, 597, 596 P2d 1278 (1979). Defendant's conduct in committing the robbery and assault was not "directed to the accomplishment"[5] of unauthorized use of the vehicle, nor was the reverse true.

Affirmed in part, reversed in part and remanded for entry of a judgment merging the robbery and assault convictions.

---

[5] ORS 131.505(4):

" 'Criminal episode' means continuous and uninterrrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."