Argued and submitted June 23, affirmed as modified,
and remanded for resentencing September 2,
reconsideration denied October 7,
petition for review denied October 14, 1980 (289 Or 741)

## STATE OF OREGON,
*Respondent,*

*v.*

## DENIS WALTER RICE,
*Appellant.*

(No. 79-1685-C-1, CA 16736)

616 P2d 538

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals his conviction for second degree assault upon his wife, contending that elements necessary to constitute the crime were not present.

The incident out of which the charge arose occurred during an argument between husband and wife. Told to leave the house, wife got into her automobile. Defendant broke the rear window with a pickaxe. Wife then got into a pickup truck. Defendant followed and broke the rear window of the cab. Wife received a slight cut on her cheek, apparently from flying glass. She did not realize she had been cut until her daughter mentioned it. She testified she felt no pain, that the cut was not noticeable after two or three days and that there was no scar. She received no medical attention.

Defendant was convicted of assault in the second degree as defined in ORS 163.175(1)(b):

"(1)   A person commits the crime of assault in the second degree if he:

"* * * * *

"(b)   Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon;"

Defendant first contends that the evidence was not sufficient to prove beyond a reasonable doubt that defendant intended to cause physical injury to his wife.

■     The question to be answered in determining sufficiency of evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 2789, 61 L Ed 2d 560 (1979); *see also State v. Harris,* 288 Or 703, 609 P2d 798 (1980).

■     Upon review of the evidence, we conclude that a rational trier of fact could have found that defendant

did have the requisite intent to commit assault.

Defendant's second argument is that his conviction cannot stand because another essential element of the offense, physical injury to the victim, did not occur.

Physical injury is defined by statute as "impairment of physical condition or substantial pain." ORS 161.015(6). Wife testified that the scratch caused no pain at all. The question then is, was the slight scratch an "impairment of her physical condition"? We conclude that it was not.

■ We do not hold that a scratch or scratches can never be considered physical injuries within the meaning of the statute, *see State v. Mayo,* 13 Or App 582, 511 P2d 456 (1973), but we do hold that in this case wife's scratch was so slight that it did not constitute an impairment of her physical condition.

■ There being no physical injury, the conviction for assault cannot stand. In finding defendant guilty, however, the jury necessarily found he had the requisite intent, and also that the third element of the crime, use of a dangerous weapon, was necessarily present. The jury thus found that defendant performed everything essential to the crime except for inflicting the injury. Given these findings, the most favorable verdict that could have been returned is *attempted* assault in the second degree. ORS 161.405(1). Therefore, we modify the judgment to attempted assault in the second degree, vacate the sentence imposed and remand for resentencing. Or Const, Art VII, § 3, *State v. Branch,* 244 Or 97, 415 P2d 766 (1966), *State v. Niehuser,* 21 Or App 33, 533 P2d 834 (1975).

Affirmed as modified, and remanded for resentencing.