JUSTICE HUNT,
dissenting:
I concur in part and dissent in part and would reverse the conviction. I concur with the majority’s conclusions concerning the issues three, four, five and six. I dissent to the majority conclusions on issues one and two.
While I concur with the majority I would like to add the following to their discussion regarding issue three, admissibility of other crimes evidence; and issue six, ineffective assistance of counsel.
In the third issue, admissibility of other crimes evidence, the majority fails to actually apply the fourth Just factor, the weighing of probative value of the evidence versus its prejudicial effect, to the *466 facts of the case. The majority says that the procedural safeguards were complied with and, by implication, indicates that compliance with these safeguards alleviates any prejudicial effect the other crimes evidence may have on the defendant. This is just not so. Although the procedural safeguards do alleviate some of the prejudice to the defendant, they do not replace the court’s ultimate task of weighing the probative value of the other crimes evidence against its prejudicial effect.
Even if the prior crimes evidence fits within the first three Just factors, as it did in this case, thereby “giv[ing] great probative weight to the evidence of prior acts,” the final weighing must occur. State v. Eiler, 234 Mont. 38, 51, 762 P.2d 210, 218 (1988). I do agree that, in light of the significant evidence linking defendant with the charge of criminal trespass to a vehicle and the compliance with the procedural factors and the first three Just factors, the probative value exceeds the prejudicial effect of the introduction of the other crimes evidence.
Discussing the sixth issue, ineffective assistance of counsel, the majority concludes that because the alleged errors of counsel were merely trial tactics, it cannot be said that counsel was ineffective. While I agree with the conclusion that counsel was not ineffective, I do so for different reasons than those used by the maj ority. Our review of defendant’s allegations must be confined to the record. “In some cases, however [sic] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged.” People v. Pope, 23 Cal.3d 412, 152 Cal.Rptr. 732, 590 P.2d 859 (1979). Without an explanation in the record for counsel’s actions or “unless there simply could be no satisfactory explanation” it is difficult to objectively decide whether counsel’s actions or inactions went beyond tactical decision. People, 152 Cal.Rptr. at 740, 590 P.2d at 867. Many of the jurisdictions that have recently found ineffectiveness under the Strickland standards have done so on post-conviction or habeas corpus. See generally Kimmelman v. Morrison, 477 U.S. 365, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986); Sullivan v. Fairman, 819 F.2d 1382 (7th Cir. 1987); and Williams v. State, 515 So.2d 1042 (Fla. Dist. Ct. App. 1987). In each case, an evidentiary hearing was held to explain inconsistencies in the record.
Turning to the first two issues, that of the State proving the requisite mental state for attempt beyond a reasonable doubt and the State’s use of other property evidence to support this mental state, I dissent to the conclusions of the majority. The principle of criminal *467 law is that the State has the burden of “establish[ing] the necessary criminal intent beyond a reasonable doubt.” State v. Watson, 211 Mont. 401, 415, 686 P.2d 879, 886 (1984); See § 46-16-601, MCA; State v. Kramp, 200 Mont. 383, 651 P.2d 614 (1982); In re Winship, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970); U.S. Const. Amend. XIV. Although I agree with the majority that this burden can be met through inference, nonetheless the standard still exists. In its casein-chief, the State fails to meet this burden in proving that the defendant committed an attempted theft.
The State failed to meet its burden in two ways. First, the State failed to prove that defendant had purposely and knowingly planned to steal an object of which he was not aware. Secondly, the State then used inadmissible evidence of other property visible in the vehicle to support the defendant’s mental state.
A person cannot commit the offense of attempt if, looking at the facts as they were understood by that person at the time he acted, the crime did not appear possible. People v. Meyer, 169 Cal.App.3d 496, 215 Cal.Rptr. 352 (1985). See also People v. Leichtweis, 59 A.D.2d, 383, 399 N.Y.S.2d 439 (1977); State v. Niehuser, 21 Or. App. 33, 533 P.2d 834 (1975). In this case, the information charged defendant with attempt to steal a particular piece of property, namely, the pistol. I agree with the majority’s contention that the information need not have referred to any particular item contained within Leader’s truck in order to properly set forth a charge of attempted theft, but since it did, the State is under obligation to prove beyond a reasonable doubt that defendant was attempting to steal the pistol.
Defendant “acted” when he broke the ventilator window of Leader’s truck. At that time, the pistol was hidden from view by a jacket. Because defendant did not know, at the time he acted, that the pistol existed, it was impossible for defendant to purposely or knowingly plan to steal the pistol.
To overcome this flaw, the State presented evidence during trial of other property, primarily fishing gear, that was visible within the truck. As indicated during the following discussion that occurred between the State and defense counsel during jury instructions, the State had planned, throughout its investigation, to rely on this other property evidence to prove defendant purposely or knowingly planned to steal the pistol. The discussion occurred as follows:
“DEFENSE COUNSEL: You never said anything up until today about including fishing poles and fishing tackle and that kind of stuff *468 in the truck as well.
“STATE COUNSEL: I think I told you there was some other stuff there.
“DEFENSE COUNSEL: I don’t recall that. The only thing we have ever talked about that I ever had in mind was just the gun, which was on the front seat, or whatever.
“STATE COUNSEL: But there was other stuff in the car that the jury could find he was likely to take or be inclined to take. So I think the property, as the generic term, is more apropos.”
Defendant was never given notice prior to trial of the existence of this other property evidence. The State’s failure to notify defendant of its intent to use this other property evidence at trial made it impossible for defendant to prepare any rebuttal, resulting in severe prejudice to defendant.
At trial, defendant failed to object to the use of this other property evidence. However, this Court has the discretion to consider the use of this evidence in the interests of justice. As stated in our codified version of the plain error doctrine, § 46-20-701(2), MCA, a trial error may be considered on appeal if the introduction of the questioned evidence affected a constitutional right, was prejudicial to the defendant’s guilt, and was not known and could not have been ascertained with due diligence by defendant or his attorney. The use of this other property evidence complies with these factors.
When viewing the evidence in a light most favorable to the State, there is insufficient evidence to establish the defendant’s requisite mental state beyond a reasonable doubt for attempted theft of a pistol. I would reverse the District Court.
JUSTICE SHEEHY concurs with the foregoing dissent.