Filed 1/23/15  P. v. Rodriguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL MICHAEL RODRIGUEZ,<br><br>    Defendant and Appellant. | C074676<br><br>(Super. Ct. No. 11F08115) |

Veteran bank robber Angel Michael Rodriguez at age 55 robbed another bank after a 16-year dry spell and was sentenced to 25 years to life under the three strikes law, with an additional determinate term of 15 years for three serious felonies.  On appeal, he contends the trial court abused its discretion by refusing to strike his old robbery convictions, and the prosecutor failed to present sufficient evidence of his federal prior and four Oregon priors.  In supplemental briefing defendant contends, and the Attorney General agrees, that one of his prior convictions for second degree robbery must be stricken because it was added to an amended information that was filed after the jury had been discharged.  The fifth strike prior conviction for second degree robbery on July 31, 1980, must be stricken.  In all other respects, the judgment is affirmed.

1

**FACTS**

On November 14, 2011, a man in a baseball hat and sunglasses grabbed cash from a teller at Bank of the West in Sacramento; announced, "This is a robbery"; and as he walked away, stated, "If anybody does anything I'll shoot." The robbery was captured on the bank's surveillance camera. Two of defendant's coworkers saw photographs of the suspect on the news and identified defendant as the suspect. Bank tellers also identified defendant with varying degrees of confidence. Defendant had gambled several times during the month of November at Thunder Valley Casino, including on the day of the robbery, and his bank account was overdrawn. The defense was mistaken identity. A jury convicted defendant of one count of second degree robbery.

**I**

Defendant asserts the trial court abused its discretion by refusing to dismiss his prior convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Defendant argues that he had become a model citizen since his release from federal parole, he had tremendous support from his family, and his most recent transgression was due to a problem with gambling and not a return to his days as an immature and irresponsible young robber with drug issues. Indeed, the trial court recognized that defendant had committed most of his crimes when he was in his 20's and 30's, that he had married and his wife was supportive, that he appeared to have changed the trajectory of his life, and that these factors made a "powerful argument" for dismissing his prior convictions. The court expressly stated that it understood the discretion with which it was vested to dismiss the convictions, and that it had reviewed the written motion and supporting papers and argument of counsel. In short, the court carefully and deliberately considered whether defendant's professed transformation removed him from the spirit of the three strikes law.

We review a denial of a *Romero* motion for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) "[A] trial court does not abuse its

discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) Supreme Court Justice Janice Brown cogently explained: "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

The trial court certainly was aware of its sentencing discretion, and it did not consider any impermissible factors. We must therefore determine whether the strong presumption that defendant's sentence, which conforms to the sentencing norm, somehow produces an arbitrary, capricious, or patently absurd result in this case. The trial court articulated a well-reasoned catalogue of justifications for its decision to refuse defendant's request to dismiss his prior convictions in the interest of justice.

The court observed that defendant's criminal history spanned four decades. His federal conviction for bank robbery was in 1990, and he completed his federal parole in 1997. The jury here convicted him of robbing yet another bank in 2011. The court explained in some detail its evaluation of defendant's criminal course of conduct as follows: "But you've been in prison virtually all of the 80's, and convicted at least four times for various felonies in the 80's, and then again for the 1990 bank robberies.

"And what I don't understand or I should -- I'll never understand is how a man like you, who had the love and support of his family and his church, a job, going to

3

school, decides one day to walk into a bank. It could have been anything. Just commit any crime.

"When you knew you were on the thinnest of ice. You were on thin, thin ice. That is you know about the consequences of the three-strikes Law, or at least should know. And you fell through the ice.

"And there's nothing I can do about that. Or I -- if I did, it wouldn't be right. It wouldn't be within the spirit of the Three-Strikes Laws as the voters see it."

The court might have concluded, as defendant so vehemently argues, that he was a changed man and the latest robbery was an unfortunate aberration committed by a man in his 50's as a result of a gambling problem, who was no longer subject to all the indiscretions of a young man in his 20's and 30's who had been at the mercy of drugs and other negative influences in his environment. The judge appreciated the strong support defendant received from his family and church. But we cannot say the trial court abused its discretion by concluding that the weight of his seven prior convictions and his return to robbing a bank reflected the kind of recidivism and danger the three strikes law was intended to capture. In short, reasonable minds might disagree about whether to strike one or more of the prior convictions. That fact is not sufficient to establish that the trial court abused its discretion by concluding that defendant's return to his decades-long history of robbing innocent victims brought him within the spirit of the three strikes law. Given its careful consideration of all the relevant facts and circumstances, its understanding of the law and the scope of its discretion, and its careful enumeration of the factors it considered, we cannot say the trial court abused its discretion in denying defendant's *Romero* motion.

## II

An out-of-state felony conviction cannot be used as a serious felony, and therefore as a strike, unless the conviction includes all of the elements of a serious felony under California law. (Pen. Code, § 667, subd. (a).) Defendant maintains that, for different

4

reasons, the prosecution failed to present substantial evidence the federal conviction or any of the Oregon convictions contained all of the requisite elements of a California robbery. We begin with the federal conviction.

*Federal Offense*

In a March 1990 indictment, a federal grand jury charged defendant as follows: "On or about February 16, 1990, in Marion County, in the District of Oregon, Angel Michael Rodriguez, defendant herein, did by force, violence, and intimidation, unlawfully and knowingly take from the presence of employees of the United Savings Bank, Market-Lancaster Branch, 1565 Lancaster Drive, Northeast, Salem, Oregon, a sum of money, to wit: Approximately $383.00 in United States currency, which money was then and there in the care, custody, control and management of the United Savings Bank, whose deposits were then and there insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a)."

As the Supreme Court observed in *People v. Miles* (2008) 43 Cal.4th 1074 (*Miles*), the federal statute on bank robbery named in defendant's indictment includes two paragraphs with very different elements. Mr. Miles, like defendant, contended that while conviction of conduct under the first paragraph qualifies as a California robbery, and therefore a serious felony under the three strikes law, the second paragraph does not. The Supreme Court agreed. The court explained:

"The first paragraph of [title 18 United States Code] section 2113(a) described a person who, 'by force and violence, or by intimidation, [took], or attempt[ed] to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.' [Citation.]

"Then, as now, the second paragraph of [title 18 United States Code] section 2113(a) described a person who 'enter[ed] or attempt[ed] to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a

5

bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny.' [¶] . . . [¶]

"Penal Code section 1192.7, subdivision (c) sets forth the categories of convictions California deems to be for serious felonies. Though there is no California convictable offense of bank robbery, Penal Code section 1192.7, subdivision (c) lists a crime of this name as a serious felony, a prior conviction for which may enhance the sentence for a subsequent offense. [Citation.] For this purpose, Penal Code section 1192.7 defines ' "bank robbery" ' as 'to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.' [Citation.]

"The California serious felony of bank robbery substantially coincides with the offense described in the *first* paragraph of [title 18 United States Code] section 2113(a) . . . . [Fn. omitted.] However, there is no California serious felony that corresponds to the crime described in the *second* paragraph of section 2113(a). [Fn. omitted.] Thus, evidence that the defendant suffered a previous conviction under section 2113(a), standing alone, cannot establish that the conviction was for a serious felony under California law." (*Miles*, *supra*, 43 Cal.4th at pp. 1081-1082.)

For Mr. Miles, the fact the Supreme Court embraced his legal analysis of the federal statute and its applicability to the California law of robbery proved to be a pyrrhic victory. Even where, as here, the mere fact of conviction under the federal statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record may be examined to resolve the issue. (*Miles*, *supra*, 43 Cal.4th at p. 1082.) The Supreme Court affirmed Mr. Miles's strike convictions based on reasonable inferences

6

drawn from the entire record, including a notation by the trial judge describing the offense committed under title 18 United States Code section 2113(a) as "bank robbery" and, more significantly, the fact defendant pleaded guilty to an "armed" robbery that involved "kidnapping." (*Miles*, at pp. 1077, 1087-1088.) The court concluded, "It is highly unlikely that one charged and convicted under section 2113(a) only for entering a bank with felonious or larcenous intent, without an attempted or actual taking of property by force and violence or intimidation, would also be found, in the course of the offense, to have placed a victim's life in jeopardy by use of a dangerous weapon and to have taken a hostage. [Fn. omitted.] In the absence of any rebuttal evidence as to the nature of the prior conviction, the trial court was entitled, prima facie, to draw the more reasonable inference that it was for committing the California serious felony of bank robbery." (*Miles*, at p. 1088.)

Defendant insists that in his case there is insufficient evidence beyond the mere conviction to demonstrate the offense constituted a California robbery and qualifies as a serious felony. Not so. The indictment, as quoted above, expressly charged defendant with taking money from the bank employees "by force, violence, and intimidation." "Taking by force" brings the robbery within the ambit of the first paragraph of the federal statute and its California analogue. Moreover, in his petition to enter a guilty plea, defendant asked the court to accept his plea of guilty to the "Indictment."

Defendant argues that his handwritten notation explaining the factual basis for the plea did not include a description of the force or violence. He wrote: "On February 16, 1990, I robbed the United Savings Bank, Market-Lancaster Branch, 1565 Lancaster Drive, NE, Salem, District of Oregon, whose deposits were insured by the FDIC." But he need not have repeated what he had already stated on the previous page and that was he pleaded guilty to the charges set forth in the indictment, which expressly alleged that the taking was "by force, violence, and intimidation."

7

As a result, defendant's case is quite analogous to *Miles*. He is right that only the first paragraph of the federal statute sets forth the same elements as a California robbery as a serious felony, and the mere conviction of a title 18 United States Code section 2113(a) offense does not alone establish that the conviction was for a serious felony under California law. But he is wrong that his legal analysis ends our inquiry. As in *Miles*, otherwise admissible evidence from the entire record confirms that defendant was indeed convicted of taking the money from the employees by force, a crime that is a serious felony under California law.

### Oregon Offenses

Defendant contends there is insufficient evidence of four out-of-state convictions because the prosecutor failed to produce certified copies of the documents, a claim he raises for the first time on appeal. He cites two cases for the proposition that "[o]nly certified records of prior convictions are sufficient to prove a prior conviction." (*People v. Skiles* (2011) 51 Cal.4th 1178, 1186 (*Skiles*); *People v. Duran* (2002) 97 Cal.App.4th 1448, 1460-1462 (*Duran*).) Neither case stands for the principle of law recited by defendant.

In *Skiles*, the issue was whether a faxed copy of a certified copy was admissible to prove a foreign conviction. (*Skiles, supra,* 51 Cal.4th at p. 1182.) The Supreme Court in fact found the faxed copy in the case before it was admissible under the secondary evidence rule because there was an abundance of evidence in the record to corroborate its authenticity. (*Skiles,* at pp. 1184-1185.) The case, if anything, suggests that authenticated documents, not merely certified copies, may be sufficient to prove a prior conviction.

In *Duran*, the Court of Appeal concluded that Evidence Code section 452.5, subdivision (b) creates a hearsay exception allowing admission of qualifying court records to prove not only the fact of conviction, but also that the offense reflected in the record occurred. (*Duran, supra,* 97 Cal.App.4th at p. 1460.) Interestingly, in *Duran*, as

8

here, "the prosecutor represented, and the parties did not challenge, that the minute order was properly certified." (*Id*. at p. 1462.) There was no evidence offered to suggest that the minute order did not reliably reflect the judgment imposed by the trial court. Although the court held that the certified minute order was admissible as an official record to prove the relevant conviction, it did not state or imply that certified copies are the only means sufficient to prove a prior conviction.

The prosecution in this case did represent to the court at trial that the copies of the convictions were certified. Defendant did not object to the admission of the copies or in any way alert the court that, contrary to the prosecution's representations, the copies were not certified. On appeal, the Attorney General does not argue that the copies were, in fact, certified but contends that defendant forfeited his right to object to any lack of certification. Defendant insists that a challenge to the sufficiency of the evidence is never forfeited or waived by failing to raise the deficiency at trial. (*People v. Trujillo* (2010) 181 Cal.App.4th 1344, 1350, fn. 3; *People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129.)

We agree with defendant to the extent that he has not forfeited his insufficiency claim, and we will review the entire record in the light most favorable to the prosecution to determine whether there is substantial evidence to support the court's findings that the four prior Oregon convictions constitute serious felonies under California law. But we agree with the Attorney General that defendant's specific objection to the lack of certification is not a mere challenge to the sufficiency of the evidence but a challenge to whether the prior convictions should have been admitted. "The objection requirement is necessary in criminal cases because a 'contrary rule would deprive the People of the opportunity to cure the defect at trial and would "permit the defendant to gamble on an acquittal at his trial secure in the knowledge that a conviction would be reversed on appeal." ' [Citation.] 'The reason for the requirement is manifest: a specifically grounded objection to a defined body of evidence serves to prevent error. It allows the

9

trial judge to consider excluding the evidence or limiting its admission to avoid possible prejudice. It also allows the proponent of the evidence to lay additional foundation, modify the offer of proof, or take other steps designed to minimize the prospect of reversal.' [Citation.]" (*People v. Partida* (2005) 37 Cal.4th 428, 434.) Because defendant failed to object to the prosecutor's representation that the copies were certified, the trial court was not alerted to a need to consider excluding the evidence to minimize the prospect of reversal, and the prosecutor did not have the opportunity to cure any problems with the certification. Thus, defendant has forfeited any objection to the certification on appeal.

But certification is not the only issue. Defendant contends there is insufficient evidence that the crime of robbery in Oregon constitutes a serious felony in California because an Oregon robbery does not require an actual taking of property. (*State v. Hamilton* (2010) 348 Or. 371 [233 P.3d 432]; *State v. Skaggs* (1979) 42 Or.App. 763, 765 [601 P.2d 862].) Thus, under Oregon law, there is no separate crime of attempted robbery because an attempt is subsumed into the definition of robbery. But the distinction does not advance defendant's argument. Even if, as he suggests, he was guilty only of attempted robbery under California law, an attempted robbery in California is a serious felony and can therefore be used as a strike. (Pen. Code, § 1192.7, subd. (c)(19), (39).) Defendant's assertion to the contrary is mistaken.

The prosecution's exhibits included copies of the indictments for each of the four Oregon priors. In each indictment, defendant allegedly was armed with a firearm or knife while in the course of attempting to commit or committing theft from a person. Defendant admitted in his guilty plea that he robbed the victims as alleged. As a result, a reasonable inference can be drawn from the prosecution's evidence that each of the priors constituted robbery in California. Under the deferential and limited scope of appellate review of defendant's challenge to the sufficiency of the evidence, we conclude there was sufficient evidence to support the trial court's findings that all four of defendant's prior

10

convictions for first and second degree robberies in Oregon were violent and serious felonies under California law.

The first amended information in this case was filed before trial and alleged four prior convictions. The jury here convicted defendant of the 2011 robbery, defendant waived his right to a jury trial on the priors, and the jury was discharged. But when defendant appeared for his court trial on the priors, the court allowed the prosecution to file a second amended information alleging a fifth prior conviction for second degree robbery. Defendant reiterates the objection he raised at trial. The objection should have been sustained as the Attorney General readily concedes.

A defendant has a statutory right to be tried on prior conviction allegations by the same jury that decided the issue of guilt. (Pen. Code, § 1025, subd. (b).) "[I]n the absence of a defendant's forfeiture or waiver, section 1025, subdivision (b) requires that the same jury that decided the issue of a defendant's guilt 'shall' also determine the truth of alleged prior convictions. Because a jury cannot determine the truth of the prior conviction allegations once it has been discharged [citation], it follows that the information may not be amended to add prior conviction allegations after the jury has been discharged." (*People v. Tindall* (2000) 24 Cal.4th 767, 782.) Thus, the prior conviction for second degree robbery on July 31, 1980, is stricken.

## DISPOSITION

The July 31, 1980, prior conviction is stricken and the judgment is affirmed in all other respects.

        RAYE        , P. J.

We concur:


    NICHOLSON    , J.


    HOCH    , J.

11