PER CURIAM.
Appellant Lee Williams challenges the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Williams contends that defense counsel’s failure to object to inadmissible hearsay evidence rendered his assistance ineffective. We agree and reverse.
On February 14, 1984, the state charged Williams in a seven-count information with offenses pertaining to two truck hijackings that occurred on April 13 and April 25, 1983. The state contended that Williams entered into a conspiracy with Raymond Paul James and Charles Hixon to hijack delivery trucks. The police apprehended James and Hixon during the commission of the April 25, 1983 hijacking. Both James and Hixon implicated Williams in the conspiracy. Williams requested and was granted a separate trial for each episode: counts I-IV (armed robbery, conspiracy to commit a felony, kidnapping and dealing in stolen property) and counts V-VII (conspiracy to commit a felony, armed robbery and kidnapping). At the trial of counts I-IV, Williams’ alleged co-conspirators, Hixon and James, testified on behalf of the state concerning Williams’ role in the truck hijacking. Williams was found guilty only of the conspiracy charge. At the trial of counts V-VII, pertaining to the April 25, 1983 hijacking, Hixon again testified but James did not. Instead, Detective Gross repeated James’ post-arrest statements describing Williams’ participation. Although these statements were inadmissible hearsay [1] and merely corroborative of the testi *1043 mony of co-conspirator Hixon, Williams’ counsel did not object to Gross’ recitation of James’ statements. This time, Williams was convicted as charged. On appeal, this court affirmed. Williams v. State, 490 So.2d 954 (Fla. 3d DCA 1986). Williams filed a 3.850 motion to vacate the judgment and sentence, and after conducting an evi-dentiary hearing, the trial court denied Williams’ motion.
The standard of review for a claim of ineffective counsel, set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland, 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692. Thus, Williams must prove that his counsel did not provide reasonably effective performance and that, absent counsel’s deficient performance, the jury would have reached a different result.
In reviewing counsel’s performance, the court must be cognizant of the possibility that counsel’s failure to object to the admission of evidence may be a matter of defense strategy. See Armstrong v. State, 429 So.2d 287, 290 (Fla.), cert, denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed. 2d 177 (1983) (“failure to object to testimony ... [was] matter of trial tactics within the standard of competence expected of attorneys”); Gully v. State, 436 So.2d 1042 (Fla. 1st DCA 1983) (“allegations with regard to failure to ... object to admissibility of certain evidence were matters within the judgment and strategy of trial counsel, and not proper grounds for relief”). Williams must “overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83, 93 (1955)).
The state’s strongest evidence against Williams was the testimony of co-conspirators Hixon and James; it used James’ statements to corroborate Hixon’s testimony. At Williams’ first trial, however, James’ testimony was rambling and confusing. Thus, by calling Detective Gross instead of James at the subsequent trial, the state was able to strengthen its case. Detective Gross transformed James’ inarticulate statements into clear and affirmative accusations. It is probable that the jury found the testimony of Detective Gross, a police officer and law school graduate, more credible and comprehensible than it would have found the testimony of an uneducated, inarticulate co-conspirator.
At the post-trial evidentiary hearing, Williams presented unrebutted expert testimony establishing that a reasonably competent attorney would have objected to the inadmissible and harmful testimony. It is clear from the record that counsel’s failure to act resulted in the jury’s hearing damaging evidence and rendered his representation “outside the wide range of professionally competent assistance.” Strickland, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed. 2d at 695. See Wright v. State, 446 So.2d 208, 210 (Fla. 3d DCA 1984) (counsel’s performance was rendered ineffective by introducing harmful and inadmissible evidence concerning defendant’s prior convictions). In addition, Williams was deprived of his right of confrontation. Amend. VI, U.S. Const.; Art. I § 16, Fla. Const.
Next, we must determine whether, absent the admission of this testimony, there is a reasonable probability that the jury verdict would have been different. See *1044 McCrae v. State, 510 So.2d 874, 876 (Fla. 1987) (“claimant must show ... that the failure or deficiency had a prejudicial impact upon the defendant’s case by compromising the fairness of the trial to such a degree as to undermine confidence in the accuracy and correctness of the outcome”). We have carefully reviewed the trial transcripts and find that the introduction of inadmissible hearsay as corroborative evidence was profoundly damaging and that the other evidence presented was far from overwhelming. We conclude that counsel’s omission prejudicially affected the outcome of the trial. Holding that Williams was deprived of effective assistance of counsel, we reverse the trial court’s order, vacate the judgment and sentence, and remand the cause with directions to grant Williams a new trial.
Reversed and remanded.

. The state’s argument that James' statements were admissible under the co-conspirator excep *1043 tion lacks merit; James’ statements were made following his arrest, not during the course of the conspiracy. See § 90.803(18)(e), Fla.Stat. (1981).