## STATE OF FLORIDA v KUDELKA
### Case No. 86-4933
Thirteenth Judicial Circuit, Hillsborough County
November 14, 1989

**APPEARANCES OF COUNSEL**

**Karen Schmid, Esquire,** Assistant State Attorney, for plaintiff.
**Lewis Fishman, Esquire,** for defendant.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

### ORDER GRANTING DEFENDANT'S

*MOTION TO VACATE JUDGMENT AND SENTENCE*

THIS COURT has for its consideration the Defendant's Motion to Vacate Judgment and Sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. On November 8, 1989 the Court conducted an evidentiary hearing directed to the allegations of the Defendant's

Motion. Present before the Court was the Defendant, his attorney, Lewis A. Fishman, and Assistant State Attorney Karen Schmid representing the interest of the State of Florida. The Court has now had the opportunity to consider the evidence and testimony introduced at the Defendant's trial, the evidence presented at the evidentiary hearing and all the pleadings submitted by counsel for the Defendant and the State of Florida.[1] The Court has also engaged in its own independent research of the law relating to the issues raised in the Defendant's Motion. Based on this review and research the Court is of the opinion that the Defendant's Motion has substantial merit and, accordingly, the Court grants the Defendant's Motion for the reasons expressed below.

The Defendant was informed against for racketeering (Count I)[2] conspiracy to traffic in cocaine in an amount in excess of 400 grams (Count II), and trafficking in cocaine in an amount in excess of 400 grams (Count III). After a trial by jury the Defendant was convicted as to Counts I and II but acquitted of Count III. The Second District Court of Appeal affirmed the Defendant's convictions but remanded for resentencing. *Varela v State of Florida,* 530 So.2d 960 (1988). The Florida Supreme Court denied further review. *Kudelka v State,* 538 So.2d 1255 (1988). After resentencing and upon his convictions becoming final the Defendant filed the Motion at issue in this proceeding.

At trial and on appeal the Defendant was represented by an attorney from Houston, Texas, by the name of Robert Tarrent. Mr. Tarrent also represented at trial and on appeal two co-defendants by the name of Rebecca Cherry and Reuben Hughes. Although Mr. Tarrent was also retained to represent a third co-defendant by the name of Samuel Maya, Mr. Maya was and continues to be a fugitive from justice. Mr. Tarrent was retained counsel for all of these individuals and came to represent them by virtue of a referral from a civil attorney in Houston, Texas with whom he shared office space.

The Defendant raises several issues in support of his position that his sentences should be vacated and a new trial ordered. Of course, these issues must be considered in light of the well settled law relating to ineffective assistance of counsel. The seminal case in this complex area of the law is *Strickland v Washington,* 104 S.Ct. 2052 (1984). The Florida Supreme Court has specifically adopted the principles of *Strickland* in assessing such claims raised in the Florida Courts. *Downs v State,* 453 So.2d 1102, 1107 (1984) and *Harris v State,* 528 So.2d

---

[1] References to the Defendant's trial will be noted as follows - (Tr.Trans. pp. —).

[2] The Defendant was alleged to have participated in three incidents of racketeering as charged in predicate act 1, predicate act 19 and predicate act 23.

361, 363 (1988). In accordance with this law for this Defendant to secure a reversal of his conviction he must prove to this Court that his trial counsel's performance was deficient and that this deficiency prejudiced him to the extent that he did not receive a fair trail, that is, were it not for these deficiencies there is a reasonable probability that the jury would have entertained a reasonable doubt respecting his guilt. *Downs,* Page 1108 and *Harris,* Page 363. In determining whether the Defendant has met his heavy burden of proof this Court is compelled to consider the totality of the evidence upon which the jury based its finding of guilt. *Downs,* Page 1108.

In applying this law in this case the Court feels that only two issues need to be addressed.[3] One, was Mr. Tarrent ineffective for failing to object to a certain accident report denominated as State's Exhibit 36 and did this deficiency in performance prejudice the Defendant? Two, was Mr. Tarrent ineffective in his closing argument to the jury and did this deficiency in performance prejudice the Defendant? The Court finds that it is compelled under the law to resolve both of these issues in favor of the Defendant.

The only substantial evidence linking this Defendant to the crimes charged against him, which the Trial Judge found to be "obviously very weak", "woefully weak" and fraught with obvious problems for the State (Tr.Trans. pp. 935-936 and 946), was twofold.

First, there was the tape of a telephone conversation the Defendant participated in on December 23, 1985 with co-defendant Samuel Maya which the State claim allegedly linked him to a substantial quantity of

[3] The Court does not find merit in the other issues raised by the Defendant, i.e., impaired hearing of Mr. Tarrent, conflict of interest and failure to request a *Richardson* hearing or depose Detective Bell relative to his identification of the Defendant's voice on the December 23, 1985 tape recorded telephone conversation. One, although Mr. Tarrent's hearing was impaired, the Court does not find that it impaired his ability to represent the Defendant nor that the Defendant was prejudiced by this physical disability. The record is replete with numerous and timely objections by Mr. Tarrent, some of which were sustained. Second, any potential conflict of interest did not prejudice the Defendant. Although the Defendant was called to testify, in part, to aid his co-defendants, his testimony obviously was crucial to his own defense to clarify the December 23, 1985 tape. Indeed, the State later conceded that the word "coke" may have been "coat" (Tr.Trans. pp. 1240-1241). Moreover, the State's theory relative to this conversation was to establish a connection between Maya and the Defendant as to Count III and predicate act 19 of Count I. As will be noted in this Order, the jury quite probably rejected this evidence. Finally, the Defendant has shown no prejudice as to the trial performance of Mr. Tarrent as it related to the testimony of Detective Bell's identification of the Defendant's voice on the December 23, 1985 tape. Again, as will be noted in this Order, the jury quite probably rejected that tape as substantial evidence.

122

cocaine seized by law enforcement on December 20, 1985 which formed the basis of Count III of the Information (Tr.Trans. pp. 945). It is reasonable to conclude that the jury must have rejected this evidence since the Defendant was acquitted as to Count III.[4]

Second, there was the tape of a telephone conversation between co-defendants Hector Herrera and Samuel Maya which took place on December 8, 1985. In that conversation Maya tells Herrera that the reason he is late in paying Herrera his money for past cocaine shipments is because a vehicle (Corvette) of one of his American partners in which some of the payoff money was hidden was involved in an automobile accident. According to the testimony of Herrera who testified for the State, Maya does not mention the name of his American associate on the tape of the recorded conversation (Tr.Trans. p. 229). In order to link the Defendant Kudelka to this accident and to the vehicle and the money, the State of Florida, without objection from Mr. Tarrent, introduced an accident report from Montgomery, Texas (Tr.Trans. p. 892). This exhibit showed that the Defendant was involved in an automobile accident while driving a Corvette on December 6, 1986 (Tr.Trans. p. 941).[5] The State concedes, as it must under the law, that this accident report was inadmissible hearsay (State's Response, Pg. 4).[6]

Based on the foregoing, the Court finds and concludes as follows. First, Mr. Tarrent was obviously deficient for failing to make a fundamental hearsay objection which would have had the effect under the law of excluding this damaging evidence against the Defendant. Second, this deficiency in performance had an extremely prejudicial impact on the Defendant's case to the extent it compromised the

---

[4] It is also reasonable to conclude that the jury found that the Defendant did not participate in predicate act 19 of Count I since this predicate act was the same incident alleged in Count III. It is also logical to conclude that the jury rejected this evidence in conjunction with the State's theory that it related to predicate act 23 (Tr.Trans. p. 939). The Court pretermits any ruling at this stage of the proceedings as to whether the doctrine of collateral estoppel precludes the State from retrying the Defendant as to the allegations of predicate acts 19 and 23 of Count I. *Ashe v Swenson,* 90 S.Ct. 1189, 1194 (1970)

[5] It is significant that the Trial Judge considered this linkage between the December 8, 1985 phone conversation and the accident report to be tenuous in sustaining a conviction for conspiracy (Tr.Trans. p. 943).

[6] Although the State argues that it could have presented this evidence through the testimony of the reporting officer, this argument misses the point. The focus of an ineffective assistance of counsel claimed by a Court considering such a claim is on the totality of the evidence considered by the jury and not what might have been presented to the jury. *Downs,* Pg. 1108.

fairness of the Defendant's trial to such a degree as to undermine the confidence and the accuracy and correctness of the outcome. *Williams v State,* 515 So.2d 1042, 1044 (Fla. 3d DCA 1987).[7] After a careful review of the trial transcript it is obvious to this Court that the only other evidence linking the Defendant to the crimes for which he was convicted (The December 23, 1985 transcript of his telephone conversation with Maya) was far from overwhelming and, as noted earlier in this Order, quite probably rejected by the jury. In short, without this accident report the State had no firm evidence upon which to convict the Defendant.

As to the final argument issue it is also clear to this Court that the Defendant was deprived of effective assistance of counsel and such deficiency was prejudicial to him to the extent that it deprived him of a fair trial in terms of the jury's verdict of guilt. As a result of his personal and uncalled for attacks on the Assistant State Attorney prosecuting the case, Mr. Tarrent was held in contempt by the Trial Judge. This finding of contempt was upheld by the Second District Court of Appeal. *Tarrent v State,* 537 So.2d 150 (1989). As the Appellate Court stated:

> . . . Tarrent's continued improper and unethical behavior was not an isolated incident of improper behavior, and such outrageous conduct before a trial court deserves a finding of contempt. 537 So.2d 153.

If a learned and experienced trial judge and a learned and experienced panel of appellate judges were outraged by Mr. Tarrent's improper and unethical argument to the jury, how can it be argued that the jury itself was not so outraged and offended to the obvious detriment of the Defendant, especially given the paucity of evidence presented by the State against the Defendant?

Therefore, for the reasons expressed, the Defendant's Motion to Vacate Judgment and Sentences be and the same is hereby granted and he is hereby granted a new trial as to Counts I and II of the Information herein.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 14th day of November, 1989.

---

[7] The Court would note that *Williams* is almost directly on point in sustaining the Court's conclusion as to this issue.